

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL BENNETT, On Behalf of Himself and All Others Similarly Situated, | ) ) | No. 03-CV-12091-RCL |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ALKERMES, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| VINCENT RAGOSTA, On Behalf of Himself and All Others Similarly Situated, | ) ) | No. 03-CV-12184-RCL |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ALKERMES, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

[Caption continued on following page.]

AFFIDAVIT OF NANCY GANS IN SUPPORT OF SOUTHERN ALASKA CARPENTERS
RETIREMENT TRUST'S MOTION TO BE APPOINTED LEAD PLAINTIFF PURSUANT
TO SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR
APPOINTMENT OF LEAD COUNSEL; REQUEST FOR ORAL ARGUMENT

| | |
|---|---|
| BARRY FAMILY LP, On Behalf of Itself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALKERMES, INC., et al., )<br><br>Defendants. ) | Civil Action No. 03-CV-12243-RCL<br><br><u>CLASS ACTION</u> |
| JULIUS AND PHYLLIS WALTZER, On Behalf of Themselves and All Others Similarly Situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>ALKERMES, INC., et al., )<br><br>Defendants. ) | Civil Action No. 03-CV-12277-RCL<br><br><u>CLASS ACTION</u> |
| DEBRA S. FOLKERTS, On Behalf of Herself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALKERMES, INC., et al., )<br><br>Defendants. ) | Civil Action No. 03-CV-12386-RCL<br><br><u>CLASS ACTION</u> |
| JAMES P. SLAVAS, On Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALKERMES, INC., et al., )<br><br>Defendants. ) | Civil Action No. 03-CV-12471-RCL<br><br><u>CLASS ACTION</u> |

I, NANCY FREEMAN GANS, hereby depose and state as follows:

1.    I am an attorney with the law firm of Moulton & Gans, P.C., proposed liaison counsel for plaintiffs in this action. I am duly admitted to practice in the Commonwealth of Massachusetts and before this Court. I make this Affidavit in Support of Southern Alaska Carpenters Retirement Trust's Motion to be Appointed Lead Plaintiff Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and for Appointment of Lead Counsel; Request for Oral Argument, and I have personal knowledge of the facts asserted herein.

2.    Attached hereto are true and correct copies of the following:

Exhibit A:    *Business Wire* article, dated October 29, 2003;

Exhibit B:    Firm resume of Milberg Weiss Bershad Hynes & Lerach LLP;

Exhibit C:    Firm resume of Moulton & Gans, P.C.;

Exhibit D:    Sworn certification of Southern Alaska Carpenters Retirement Trust; and

Exhibit E:    Chart of Movant's losses.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct. If called as a witness, I could and would competently testify thereto. Executed this 24th day of December, 2003, at Boston, Massachusetts.

_____
NANCY FREEMAN GANS

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was
served upon the attorney of record for each party
mail (by hand) on 12/29/03

T:\pleadingsSF\alkermes\AFF00005028.doc

- 1 -

# EXHIBIT A

Copyright 2003 Business Wire, Inc.
Business Wire

October 29, 2003 Wednesday

**DISTRIBUTION:** [Custom Writers]; Business Editors

**LENGTH:** 1040 words

**HEADLINE:** Milberg Weiss Files Class Action Suit against Alkermes, Inc.

**DATELINE:** SAN DIEGO, Oct. 29, 2003

**BODY:**

Milberg Weiss (http://www.milberg.com/cases/alkermes/) today announced that a class action has been commenced in the United States District Court for the District of Massachusetts on behalf of purchasers of Alkermes, Inc. ("Alkermes") (NASDAQ:ALKS) common stock during the period between April 22, 1999 and July 1, 2002 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, William Lerach or Darren Robbins of Milberg Weiss at 800/449-4900 or via e-mail at wsl@milberg.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.milberg.com/cases/alkermes/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges Alkermes and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Alkermes is a biopharmaceutical company focused on the development of controlled-release drug delivery technologies and their application to existing or new drug therapies. The complaint alleges that during the Class Period, defendants artificially inflated the price of Alkermes shares by issuing a series of materially false and misleading statements about the Company's New Drug Application ("NDA") for Risperdal Consta.

The true facts, which were known by each of the defendants during the Class Period but were concealed from the investing public, were as follows: (a) In an attempt to decrease development expenses and speed the product to market, defendants concealed the deficient nature of the manufacturing process for Medisorb polylactide-glycolide polymer used to manufacture Risperdal Consta, resulting in quality management issues and delays in the development program. (b) In order to conceal lot-to-lot variations resulting from the manufacturing process for Medisorb polymer, defendants minimized process development and validation requirements, including the establishment of specifications and analytical tests necessary to control those variations. (c) Significant quality issues for the manufacture of Risperdal Consta existed at the Wilmington, Ohio facility, impacting the ability of the Company to meet clinical development timelines for Risperdal Consta. (d) In order to avoid disclosure of the serious deficiencies of the Medisorb manufacturing process, particularly the lot-to-lot variation in molecular weight for Medisorb polymer, and in order to find a way to fix the desired molecular weight of the Risperdal Consta finished drug product, defendants patented a method to degrade the finished product to the desired molecular weight. (e) Defendants' revenue projections for Risperdal Consta were grossly inflated based on defendants' concealment of the fact that Risperdal's adverse effects and safety or tolerability issues worsen when Risperdal is formulated using Medisorb technology and used as intended. (f) Defendants concealed that due to the combined effect of the financial agreements reached with its joint venture partner, Janssen, Risperdal Consta would not be profitable unless it achieved the high end of sales projections, an unlikely outcome because of the worsening of Risperdal's adverse effects and safety or tolerability issues when the drug is

# EXHIBIT B

# MILBERG WEISS BERSHAD HYNES & LERACH LLP

## THE FIRM'S PRACTICE AND ACHIEVEMENTS

MILBERG WEISS BERSHAD HYNES & LERACH LLP is a 187-lawyer firm with offices in New York, San Diego, San Francisco, Los Angeles, Boca Raton, Seattle and Philadelphia *(www.milberg.com)*. The firm, which Melvyn I. Weiss and Lawrence Milberg founded in 1965, has grown to become the nation's largest law firm whose practice is focused on class action litigation. Its growth has come not through acquisition of other firms, but by attracting experienced attorneys, some who left partnerships at firms, others who came from federal, state and local law enforcement and regulatory agencies. The firm has been actively engaged in commercial litigation, emphasizing securities, consumer, insurance, healthcare, human rights, employment discrimination and antitrust class actions for 35 years. Milberg Weiss also has an active corporate and securities law practice.

The firm's reputation for excellence has been recognized on repeated occasions by courts that have appointed it to major positions in complex multi-district or consolidated litigations. In short, Milberg Weiss has successfully prosecuted thousands of class action lawsuits, has taken a lead role in numerous complex litigations on behalf of defrauded investors, consumers and companies, as well as victims of World War II human rights violations, and has been responsible for more than $30 billion in recoveries.

## JUDICIAL COMMENDATIONS

Milberg Weiss has been commended by countless judges all over the country for the quality of its representation in class action lawsuits. In *Transamerica*, Judge Danielson made it a point to comment on the professionalism of Milberg Weiss:

> It would be hard to imagine what question I could come up with that I haven't already seen the information that I needed in the submissions that have been made to this Court. I can't remember anything so thoroughly and professionally handled in the 20-some odd years that I've been involved in the law. It is interesting to see law practiced honorably. And I think all of the lawyers who have involved themselves in this case can be very proud of their profession.

*See Gordon v. Transamerica Occidental Life Ins. Co.,* Hearing Transcript dated June 26, 1997, at 39:3-12.

In *Prudential*, in approving the settlement of a nationwide class action against a life insurer for deceptive sales practices, Judge Wolin observed:

> [T]he results achieved by plaintiffs' counsel in this case in the face of significant legal, factual and logistical obstacles and formidable opposing counsel, are nothing short of remarkable.
>
> * * *
>
> Finally, the standing and professional skill of plaintiffs' counsel, in particular Co-Lead Counsel, is high and undoubtedly furthered their ability to negotiate a valuable settlement and argue its merits before this Court. Several members of plaintiffs' counsel are leading attorneys in the area of class action litigation.

*In re Prudential Ins. Co. Sales Practices Litig.*, 962 F. Supp. 572, 585-86 (D.N.J. 1997), *vacated on other grounds*, 148 F.3d 283 (3d Cir. 1998). Milberg Weiss was co-lead counsel in this litigation. At the Fairness Hearing in *Prudential*, Judge Wolin stated that "there is **no doubt** that Class Counsel have prosecuted the interests of the class members with the utmost vigor and expertise." *In re Prudential Ins. Co. Sales Practices Litig.*, 962 F. Supp. 450, 519 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir 1998) (emphasis added).

When she appointed Milberg Weiss as lead counsel for Enron securities purchasers, Judge Harmon commented:

> In reviewing the extensive briefing submitted regarding the Lead Plaintiff/Lead Counsel selection, the Court has found that the submissions of Milbank [sic] Weiss Bershad Hynes and Lerach LLP stand out in the breadth and depth of its research and insight. Furthermore, Mr. Lerach has justifiably "beat his own drum" in demonstrating the role his firm has played thus far in zealously prosecuting this litigation on Plaintiffs' behalf.

*In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002).

In *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), in an opinion dated November 9, 1998, approving settlements totaling over $1.027 billion, the court commented:

> Counsel for the Plaintiffs [Milberg Weiss] are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties in this action achieved.

In approving a $100 million settlement in *In re Prudential Securities Limited Partnerships Litig.*, 912 F. Supp. 97, 101 (S.D.N.Y. 1996), for which Milberg Weiss was one of the lead counsel, Judge Pollack noted that he had "the opportunity at first hand to observe the quality of plaintiffs' class counsel's representation, both here and in prior complex litigation, and [was] impressed with the quality of plaintiffs' class counsel."

In his opinion on class certification, Judge Chesler noted:

> The firm of Milberg Weiss Bershad Hynes & Lerach LLP, which is co-lead counsel for the plaintiff, was also counsel for the plaintiff class in the *Prudential* case. Thus, the adequacy of the plaintiff's representation is beyond reproach. Furthermore, the tremendous and unprecedented settlements which the Milberg firm has helped to secure for the plaintiff classes in both this case and the *Prudential* case are a testament to counsel's vigorous pursuit of the class interests.

*See Roy v. The Independent Order of Foresters*, Civ. No. 97-6225 (SRC), slip op. at 32 (D.N.J. August 3, 1999).

At the Settlement Hearing in the *Chipcom* litigation, for which Milberg Weiss was counsel, Judge Woodlock remarked:

> [I]t seems to me that the level of legal services, the quality of legal services, the attention to the case on behalf of the plaintiffs, and ultimately plaintiffs' class, was really very high quality and ought to be recognized by an appropriately high percentage figure here.

Of course, I disagree on the merits of the case. That is not, however, to say that I disagree with the quality of the lawyering or disregarded the quality of the lawyering or thought that the quality of the lawyering was not at the highest level. To the contrary, I thought it was at the highest level and that ought also to be reflected here.

*See Nappo v. Chipcom Corp.*, CA-95-11114-WD (D. Mass.), Settlement Hearing Transcript dated June 26, 1997, at 13-14.

## NOTABLE CLIENTS

### Public Fund Clients

- University of California Retirement System. Milberg Weiss has been retained by the University of California Retirement System to pursue class actions against Dynegy and Enron. The University of California Retirement System serves as lead plaintiff in both actions. The Retirement System has also retained Milberg Weiss to pursue a private action against AOL Time Warner.

- California Public Employees Retirement System. Milberg Weiss has been selected by CalPERS, the nation's largest public investment fund, with over $150 billion in assets under management, to serve as outside counsel for securities class action and derivative litigation.

- CalSTRS. Milberg Weiss has been retained by CalSTRS, a $110 billion fund representing the retirement savings of thousands of California teachers, in a case against WorldCom.

- The New York State Retirement System. Milberg Weiss was selected by the New York State Comptroller to serve as special counsel for securities class action and derivative litigation.

- The New York Common Retirement Fund serves as lead plaintiff in the Raytheon securities litigation. The Fund has also been involved in other securities litigation.

- New Hampshire Retirement System. Milberg Weiss has been selected by the State of New Hampshire, with over $5 billion in assets under management, to serve as outside counsel for securities class action and derivative litigation.

- The Louisiana Quality Education Trust. Milberg Weiss has been retained by this firm as special outside counsel for securities class action and derivative litigation. Milberg Weiss was selected for this position by Louisiana's current state treasurer, Honorable John N. Kennedy, and the state attorney general, Honorable Richard P. Ieyoub.

- City of Birmingham (Ala.). Milberg Weiss represents the City of Birmingham, the lead plaintiff in a federal securities class action against Mattel Corporation. The case was settled for $122 million.

- The Cities of San Francisco, Los Angeles, Birmingham (Ala.) and fourteen counties in California in connection with claims filed against big tobacco companies for conspiracy to hide the truth regarding the damages related to smoking. In connection with this litigation, Milberg Weiss has also worked closely with the attorneys general of several states, including the State of California.

- Alaska State Public Investment Board. Milberg Weiss was retained as panel counsel in September 2002.

- The City of South San Francisco. Milberg Weiss represents the City of South San Francisco in litigation regarding losses suffered from the purchase of WorldCom bonds.

- Los Angeles County Employees Retirement Association (LACERA). Milberg Weiss represents LACERA, a $17 billion fund, in litigation regarding losses suffered by LACERA from purchases of WorldCom bonds.

- San Diego City Employees Retirement System.

- San Diego County Employees Retirement System. Milberg Weiss represents San Diego County Employees Retirement System, a $5 billion fund, representing the retirement savings of San Diego County workers.

- Illinois Teachers Retirement System, Illinois Municipal Retirement Fund, Illinois State Board of Investment. Milberg Weiss represents these large retirement funds in litigation against WorldCom stemming from the funds' losses on WorldCom bonds.

- State Universities Retirement System of Illinois. Milberg Weiss represents the State Universities Retirement System of Illinois in litigation regarding losses suffered from purchases of WorldCom bonds and represents the fund in an action against Cable & Wireless.

- The Maryland-National Capital Park and Planning Commission Employees' Retirement System.

- Minnesota State Board of Investment. Milberg Weiss represents this $50 billion fund in litigation stemming from the fund's purchase of WorldCom bonds.

- Montana Board of Investments. Milberg Weiss represents Montana Board of Investments in a soon-to-be-filed case stemming from the fund's purchase of WorldCom bonds.

- New Hampshire Retirement System. Milberg Weiss represents the New Hampshire Retirement System, a $5 billion fund. The New Hampshire Retirement System is lead plaintiff and Milberg Weiss is lead plaintiff's counsel in securities litigation against AT&T Corporation.

- Tennessee Consolidated Retirement System. Milberg Weiss has been retained as counsel to bring cases stemming from the fund's losses on WorldCom bonds.

- Washington State Investment Board. The Washington State Investment Board serves as a named plaintiff in the Enron litigation and is also seeking recovery stemming from losses on the WorldCom bonds.

- West Virginia Investment Management Board. Milberg Weiss represents the West Virginia Investment Management Board in litigation stemming from the Board's losses as a result of purchases of WorldCom bonds. Milberg Weiss also represents the Board in actions against Cable & Wireless and EDS.

- Milwaukee Employees Retirement System. Milberg Weiss represents the Milwaukee Employees Retirement System in litigation involving the fund's losses on WorldCom bonds.

- State of Wisconsin Investment Board. Milberg Weiss represents this fund in actions related to purchases of WorldCom bonds and in a case against AOL Time Warner.

**Taft-Hartley Clients**

- Amalgamated Bank (Long View Fund). Milberg Weiss is retained by Amalgamated Bank to advise and represent its $7.2 billion Long View Fund on securities fraud and corporate government matters.

- ILGWU National Retirement Fund, UNITE Staff Retirement Plan, ILGWU Eastern States Health and Welfare Fund, ILGWU Death Benefit Fund, ILGWU Escrow Fund and UNITE General Fund. Milberg Weiss is currently monitoring the assets of these six Taft-Hartley pension funds as well as advising them on litigation matters on a case-by-case basis.

- Carpenters Pension Fund of Illinois. Milberg Weiss was recently retained by Carpenters Pension Fund of Illinois, a nearly $1 billion fund located in Geneva, Illinois. Carpenters Pension Trust for Southern California. Milberg Weiss was recently retained by Carpenters Pension Trust for Southern California, a nearly $2.5 billion fund representing the retirement savings of carpenters in California, Nevada and Arizona.

- United Brotherhood of Carpenters Pension Fund. Milberg Weiss was recently retained by the United Brotherhood of Carpenters Pension Fund, the Carpenters International Staff Fund.

- PACE Industry Union-Management Pension Fund. Milberg Weiss was recently retained by PACE, a nearly $2 billion fund representing the retirement savings of thousands of paper workers.

- UA (Plumbers) National Pension Fund. Milberg Weiss was recently retained by the Plumbers National Pension Fund, a nearly $3 billion fund representing the retirement savings of tens of thousands of workers.

- Employer-Teamsters Local Nos. 175 and 505 Pension Trust Fund (West Virginia). Milberg Weiss has recently represented these Taft-Hartley pension funds as lead plaintiff in several pending securities fraud class actions, including actions against the Clorox Company, Lucent and America West Holdings Corp.

- New England Health Care Employees Pension Fund. Milberg Weiss is representing the New England Health Care Employees Pension Fund, the lead plaintiff in a securities fraud class action against Fruit of the Loom involving accounting fraud and over $70 million worth of insider trading. The firm is also representing the New England Health Care Employees Pension Fund as lead plaintiff in a securities fraud action against Newell Rubbermaid, Inc.

- Local 144 Nursing Home Pension Fund. Milberg Weiss is representing Local 144 in several securities class actions, including actions against Proctor & Gamble Company, Honeywell Corporation and AT&T Corporation.

- Directors Guild of America-Producer Pension 7 Health Plan. Milberg Weiss is currently representing the $1.5 billion plan in an action stemming from the fund's purchase of WorldCom bonds.

- Motion Picture Industry Pension Plan. Milberg Weiss is currently representing this $2.6 billion plan in connection with the plan's losses stemming from purchases of WorldCom bonds.

- Producer-Writers Guild of America. Milberg Weiss represents this $1.5 billion fund in litigation stemming from the fund's purchase of WorldCom bonds.

- Screen Actors Guild. Milberg Weiss represents the Screen Actors Guild in litigation stemming from the Guild's purchase of WorldCom bonds.

- Carpenter Southern California Pension Trust. This $2.1 billion fund retained Milberg Weiss recently. The fund also has an action pending in Los Angeles stemming from its purchases of WorldCom bonds.

- Sheetmetal Workers Pension Plan of Southern California, Arizona and Nevada.

- Southern California Lathing Industry Pension Fund.

- New England Health Care Employees Pensions Fund. Milberg Weiss has been retained by this $200 million Fund in a variety of actions where the Fund serves as lead plaintiff.

- United Brotherhood of Carpenters Pension Fund. Milberg Weiss has been retained by this $440 million union fund.

- The United Brotherhood of Carpenters Pension Fund currently serves as lead plaintiff in litigation against Sprint.

- Carpenters of Illinois Pension Fund. Milberg Weiss was recently retained by the Carpenters of Illinois Pension Fund.

- Carpenters Pension Fund of Baltimore, Maryland. Milberg Weiss was recently retained by the Carpenters Pension Fund of Baltimore, Maryland. Milberg Weiss is currently monitoring the assets of this $135 million pension fund.

- Carpenters Combined Benefits Fund of Massachusetts. Milberg Weiss was recently retained to monitor the portfolio of this $670 million fund.

- Massachusetts State Carpenters Pension Fund. Milberg Weiss was recently retained to represent this pension fund.

- Massachusetts State Carpenters Guaranteed Annuity Fund.

- Construction Industry and Carpenters Joint Pension Trust for Southern Nevada. Milberg Weiss was recently retained to monitor the assets of this $322 million fund.

- Heavy and General Laborers Local 472 and 172 Pension and Annuities Funds.

- SEIU Staff Fund. Milberg Weiss was recently retained by this $1.4 billion fund.

- Carpenters Health and Welfare Fund of Philadelphia. Milberg Weiss represents this fund in litigation against the Coca-Cola Company where the Fund serves as lead plaintiff.

- Carpenters Pension and Annuity Fund of Philadelphia. Milberg Weiss represents this $1.2 billion fund in litigation against US West.

- Steelworkers Pension Trust.

- Western Pennyvania Teamsters.

- Western Pennsylvania Teamster and Employers Pension Fund.

- International Union, United Mine Workers of America Pension Fund.

- Washington Area Carpenters Pension and Retirement Fund.

- Carpenters District Councils, Chemical Valley in North Central West Virginia. Milberg Weiss was recently retained by this fund to pursue litigation on its behalf.

- West Virginia Employers/Teamsters Local Nos. 505 and 175 Pension Trust Fund. This Fund serves as lead plaintiff in a number of securities class actions.

## Non-Pension Institutional Investors

- Northwestern Mutual Life Ins. Company.

- American International Group.

- The Dot.Com Fund. Milberg Weiss represented the Dot.Com Fund, the lead plaintiff in a federal securities class action filed against VantageMED Corporation for selling millions of dollars worth of securities pursuant to a false registration statement and prospectus.

- The Federal Deposit Insurance Corporation. Milberg Weiss represented the FDIC in claims arising out of the failure of the Butcher Brothers Tennessee Banking empire. The case ultimately settled for $425 million after a full jury trial as part of a massive global settlement among the FDIC, RTC and Ernst & Whinney.

# PROMINENT CASES

• *In re NASDAQ Market-Makers Antitrust Litig.*, MDL 1023 (S.D.N.Y.). Milberg Weiss served as court-appointed co-lead counsel for a class of investors. The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history. After three and one half years of intense litigation, the case was settled for a total of $1.027 billion, the largest antitrust settlement ever. An excerpt from the court's opinion reads:

> Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties to this action achieved.

• *In re American Continental Corp./Lincoln Savings & Loan Sec. Litig.*, MDL 834 (D. Ariz.). Milberg Weiss served as the court-appointed co-lead counsel for a class of persons who purchased debentures and/or stock in American Continental Corp., the parent company of the now-infamous Lincoln Savings & Loan. The suit charged Charles Keating, other insiders, three major accounting firms, three major law firms, Drexel Burnham, Michael Milken and others with racketeering and violations of securities laws. Recoveries totaled $240 million on $288 million in losses. A jury also rendered verdicts of more than $1 billion against Keating and others.

• *In re 3Com, Inc. Sec. Litig.*, No. C-97-21083-JW (N.D. Cal.). A hard fought class action for federal securities law violations in which Milberg Weiss served as lead counsel for the class and obtained a recovery totaling $259 million.

• *Mangini v. R.J. Reynolds Tobacco Co.*, No. 939359 (Cal. Super. Ct., San Francisco County). In this case R.J. Reynolds admitted "the *Mangini* action, and the way that it was vigorously litigated, was an early, significant and unique driver of the overall legal and social controversy regarding underage smoking that led to the decision to phase out the Joe Camel Campaign."

• *Cordova v. Liggett Group, Inc., et al.*, No. 651824 (Cal. Super. Ct., San Diego County), and *People v. Philip Morris, Inc., et al.*, No. 980864 (Cal. Super. Ct., San Francisco County). Milberg Weiss, as lead counsel in both these actions, played a key role in these cases which were settled with the attorneys general global agreement with the tobacco industry bringing $26 billion to the State of California as a whole and $12.5 billion to the cities and counties within California.

• *Does I, et al. v. The Gap, Inc., et al.*, No. 01-0031 (D. Northern Mariana Islands). In this ground-breaking case, Milberg Weiss represented a class of 30,000 foreign garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top U.S. retailers such as The Gap, Target and J.C. Penney. In the first action of its kind, Milberg Weiss pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan. This case was a companion to two other actions: *Does I, et al v. Advance Textile Corp., et al.*, No. 99-0002 (D. Northern Mariana Islands) – which alleged overtime violations by the garment factories under the Fair Labor Standards Act – and *UNITE, et al. v. The Gap, Inc., et al.*, Case No. 300474 (Sup. Ct. San Francisco), which alleged violations of California's Unfair Practices Law by the U.S. retailers. These actions resulted in a settlement of approximately $20 million that included a comprehensive Monitoring Program to address past violations by the factories and prevent future ones. The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts at bringing about the precedent-setting settlement of the actions.

• *In re Exxon Valdez*, No. A89-095 Civ. (D. Alaska), and *In re Exxon Valdez Oil Spill Litig.*, 3 AN-89-2533 (Alaska Super. Ct., 3d Jud. Dist.). Milberg Weiss is a member of the Plaintiffs' Coordinating Committee and

co-chair of Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. A jury verdict of $5 billion was obtained and is currently on appeal.

• *In re Washington Public Power Supply Sys. Sec. Litig.*, MDL 551 (D. Ariz.). A massive litigation in which Milberg Weiss served as co-lead counsel for a class that obtained recoveries totaling $775 million after several months of trial.

• *In re Rite Aid, Inc. Sec. Litig.*, No. 99-cv-1349 (E.D. Pa.). A securities class action in which Milberg Weiss served as lead counsel for the class and obtained a $200 million recovery.

• *In re Baldwin United Annuity Litig.*, No. M-21-35 (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this consolidated proceeding on behalf of purchasers of annuities where over $160 million was recovered.

• *In re Airline Ticket Comm'n Antitrust Litig.*, MDL 1058 (D. Minn.). Milberg Weiss served as co-lead trial counsel on behalf of a class of travel agents alleging that nine major airlines conspired to fix their commission rates. Just prior to trial in September 1996, the case was settled for a total of $86 million.

• *Hall v. NCAA* (Restricted Earnings Coach Antitrust Litigation), No. 94-2392-KHV (D. Kan.). The firm was lead counsel and lead trial counsel for one of three classes of coaches in consolidated price-fixing actions against the National Collegiate Athletic Association. On May 4, 1998, the jury returned verdicts in favor of the three classes for more than $67 million.

• *Newman v. Stringfellow* (Stringfellow Dump Site Litigation), No. 165994 MF (Cal. Super. Ct., Riverside County). Milberg Weiss represented more than 4,000 individuals suing for personal injury and property damage arising from their claims that contact with the Stringfellow Dump Site may have caused them toxic poisoning. Recovery totaled approximately $109 million.

• *In re Prison Realty Sec. Litig.*, No. 3:99-0452 (M.D. Tenn.). Milberg Weiss served as lead counsel for the class obtaining a $105 million recovery.

• *City of San Jose v. PaineWebber*, No. C-84-20601(RFP) (N.D. Cal.). Milberg Weiss filed a lawsuit on behalf of the City of San Jose to recover speculative trading losses from its former auditors and 13 brokerage firms. In June 1990, following a six-month trial, the jury returned a verdict for the City, awarding over $18 million in damages plus pre-judgment interest. The City also recovered an additional $12 million in settlements prior to and during the trial.

• *Hicks v. Nationwide*, No. 602469 (Cal. Super. Ct., San Diego County). Milberg Weiss represented a class of consumers alleging fraud involving military purchasers of life insurance, in which a jury trial resulted in a full recovery for the class, plus punitive damages.

• *In re Nat'l Health Laboratories Sec. Litig.*, No. CV-92-1949-RBB (S.D. Cal.). Milberg Weiss served as co-lead counsel and obtained a pretrial recovery of $64 million in this securities fraud class action.

• *In re Informix Corp. Sec. Litig.*, No. C-97-1289-CRB (N.D. Cal.). Milberg Weiss served as co-lead counsel for the class and obtained a recovery of $142 million.

• *In re Apple Computer Sec. Litig.*, No. C-84-20148(A)-JW (N.D. Cal.). Milberg Weiss served as lead counsel and after several years of litigation obtained a $100 million jury verdict in this securities fraud class action. The $100 million jury verdict was later upset on post-trial motions, but the case was settled favorably to the class.

• *In re Nat'l Med. Enter. Sec. Litig.*, No. CV-91-5452-TJH (C.D. Cal.). Milberg Weiss served as co-lead counsel and recovered $60.75 million in this securities fraud class action.

• *FDIC v. Ernst & Whinney*, No. Civ. 3-87-364 (E.D. Tenn.). Milberg Weiss represented the FDIC (Federal Deposit Insurance Corporation) which sought to recover $275 million of losses arising out of the failure of the

Butcher brothers' Tennessee banking empire. The case settled after a full trial as part of a massive "global" settlement between the FDIC and Ernst & Whinney.

• *In re Nucorp Energy Sec. Litig.*, MDL 514 (S.D. Cal.). Milberg Weiss served as co-lead counsel in this consolidated class action and recovered $55 million.

• *In re U.S. Financial Sec. Litig.*, MDL 161 (S.D. Cal.). Milberg Weiss acted as chairman of the Plaintiffs' Steering Committee and achieved a pretrial recovery of over $50 million.

• *In re LILCO Sec. Litig.*, No. 84 Civ. 0588 (LDW) (E.D.N.Y.). Milberg Weiss served as lead counsel and recovered $48.5 million for shareholders on the eve of the trial.

• *In re Ikon Office Solutions, Inc.*, MDL 1318 (E.D. Pa.). A class action in which Milberg Weiss served as lead counsel for the class and obtained a recovery totaling $111 million.

• *Barr v. United Methodist Church*, No. 404611 (Cal. Super. Ct., San Diego County). Milberg Weiss served as lead and trial counsel in this class action on behalf of elderly persons who lost their life savings when a church-sponsored retirement home that had sold them prepaid life-care contracts went bankrupt. After four years of intensive litigation – three trips to the United States Supreme Court and five months of trial – plaintiffs obtained a settlement providing over $40 million in benefits to the class members. In approving that settlement, Judge James Foucht praised the result as "a most extraordinary accomplishment" and noted that it was the "product of the skill, effort and determination of plaintiffs' counsel."

• *Grobow v. Dingman* (The Henley Group Litigation), No. 575076 (Cal. Super. Ct., San Diego County). Milberg Weiss served as co-lead counsel and obtained $42 million derivatively on behalf of The Henley Group, Inc.

• *In re Itel Sec. Litig.*, No. C-79-2168A-RPA (N.D. Cal.). Milberg Weiss served as co-lead counsel in this securities class action that recovered $40 million.

• *In re Fin. Corp. of America*, No. CV-84-6050-TJH(Bx) (C.D. Cal.). Milberg Weiss served as co-lead counsel and obtained a recovery of $41 million.

• *In re Oak Indus. Sec. Litig.*, No. 83-0537-G(M) (S.D. Cal.). Milberg Weiss served as co-lead counsel in this case and obtained a recovery of $33 million.

• *In re Wickes Cos. Sec. Litig.*, MDL 513 (S.D. Cal.). Milberg Weiss served as liaison counsel in this consolidated securities law class action that recovered $32 million.

• *Kaplan v. Chase Manhattan Corp.*, No. 9611-85 (N.Y. Sup. Ct.). Milberg Weiss served as co-lead counsel in this derivative case where the firm obtained $32.5 million for the plaintiffs.

• *In re Pepsico Sec. Litig.*, No. 82 Civ. 8403(ADS) (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this case and obtained a pretrial recovery of $21.5 million.

• *In re Northwest Indus. Sec. Litig.*, Nos. 82-C0658 & 82-C1599 (N.D. Ill.). Milberg Weiss served as co-lead counsel in this case and obtained an $18 million jury verdict.

• *Weinberger v. Shumway* (The Signal Companies, Inc.), No. 547586 (Cal. Super. Ct., San Diego County). Milberg Weiss served as co-lead counsel in this derivative litigation challenging executive "golden parachute" contracts, and obtained a recovery of approximately $23 million.

• *In re Warner Communications Sec. Litig.*, No. 82 Civ. 8288(JFK) (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this case and obtained a recovery of $18 million.

• *Rosenfeld v. Leach*, No. 257916 (Cal. Super. Ct., San Mateo County). Milberg Weiss served as lead counsel in this case challenging an attempt to "go private." The case settled just before trial for $18 million.

• *In re Viatron Computer Sys. Corp. Litig.*, MDL 138-T (D. Mass.). Milberg Weiss served as lead and trial

counsel in this case. A jury verdict was returned establishing the liability of a "Big Eight" accounting firm and aggregate settlements totaled over $15 million.

- *In re Seafirst Sec. Litig.*, No. C-83-771-R (W.D. Wash.). Milberg Weiss served as co-lead counsel in this class action and obtained a pretrial recovery of $13.6 million.

- *In re Waste Mgmt. Sec. Litig.*, No. 83-C2167 (N.D. Ill.). Milberg Weiss served as co-lead counsel in this case and obtained a pretrial recovery of $11.5 million.

- *In re IDB Communications Group, Inc. Sec. Litig.*, No. CV-94-3618 (C.D. Cal.). Milberg Weiss served as co-lead counsel in this case and obtained a pretrial recovery of $75 million.

- *In re Boeing Securities Litigation*, No. C97-1715Z (W.D. Wash.). A securities class action in which Milberg Weiss served as co-lead counsel for the class obtaining a recovery in the amount of $92.5 million.

# PRECEDENT-SETTING DECISIONS

Milberg Weiss has consistently been a leader in developing the law for investors under the federal securities laws. Since January 1994, the firm has represented individual and institutional plaintiffs in well over 500 class action securities litigations including many under the PSLRA. In most of those cases, Milberg Weiss has served as lead or co-lead counsel. The firm has also been responsible for establishing many important precedents, including:

• The firm was lead counsel in *In re Prudential Ins. Co. Sales Practices Litig.*, Civ. No. 95-cv-4704 (AMW) (D.N.J.), a landmark case which contained securities claims as well as common law claims, and which settled under an innovative structure that will result in the payment of over $1 billion to Prudential policyholders. The total recovery is uncapped and could exceed $2 billion. Milberg Weiss has led the litigation of numerous other class actions involving alleged churning practices by other insurance companies and their agents, recovering billions of dollars in the past few years. The settlement was approved in an extensive, comprehensive decision handed down by the Third Circuit. *In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999).

• *In re Salomon Inc. Shareholders Derivative Litig.*, 68 F.3d 554 (2d Cir. 1995), in which the Second Circuit affirmed the district court's holding that derivative federal securities claims against defendants would not be referred to arbitration pursuant to the arbitration provisions of the Rules of the New York Stock Exchange, but would be tried in district court. Shortly thereafter, the case settled for $40 million, among the largest cash recoveries ever recorded in a derivative action.

• In *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525 (3d Cir. 1999), the firm successfully argued that, under the PSLRA, the requisite scienter is pled by making an adequate showing that the defendants acted knowingly or with reckless disregard for the consequences of their actions. As urged by this firm, the Third Circuit specifically adopted the Second Circuit's scienter pleading standard for pleading fraud under the PSLRA.

• *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282 (2002). The California Court of Appeal affirmed a trial court order certifying a class in an action by purchasers of so-called "vanishing premium" life insurance policies claiming violations of California consumer protection statutes. The court held there were predominant common issues where plaintiffs alleged a uniform failure to disclose information about the policy dividend rate that was material to the consumer's purchase decision.

• *StorMedia, Inc. v. Superior Court*, 20 Cal. 4th 449 (1999). Interpreting the anti-manipulation provisions of the California state securities laws, the California Supreme Court held that a corporation is engaged in the offer or sale of securities where it maintains an employee stock option or stock purchase plan, making it liable under the statute for disseminating false or misleading public statements.

• *Jordan v. Department of Motor Vehicles*, 75 Cal. App. 4th 449 (1999). The California Court of Appeal invalidated a $300 non-resident vehicle "smog impact" fee imposed on out-of-state autos being registered for the first time in California, finding that the fee violated the Interstate Commerce Clause of the United States Constitution.

• In *Berry v. Valence Tech., Inc.*, 175 F.3d 699 (9th Cir.), *cert. denied*, 528 U.S. 1019 (1999), the Ninth Circuit held that negative articles in the financial press do not cause the one-year "inquiry notice" statute of limitations to run, and indicated possible acceptance of an "actual knowledge" standard that would greatly extend the statute of limitations for victims of securities fraud.

• In *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996), the First Circuit remanded plaintiffs' action after affirming, in part, Milberg Weiss's position that in association with the filing of a prospectus related to the issuance of securities, a corporate issuer must disclose intra-quarter, materially adverse changes in its business, if such adverse changes constitute "material changes" the disclosure of which is required pursuant to the

Securities Act of 1933.

• In *In re Carter-Wallace, Inc., Sec. Litig.*, 150 F.3d 153 (2d Cir. 1998), in which plaintiffs' securities complaint was upheld in substantial part, the court ruled that advertisements made by a drug company are not, as a matter of law, precluded from being made "in connection with" a securities transaction as required by the Securities Exchange Act of 1934.

• *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076 (9th Cir. 1999). The Ninth Circuit reversed dismissal of a §11 claim holding purchasers who brought shares in the aftermarket had standing to bring claim under the Securities Act of 1933 where a material fact is misstated or omitted from a registration statement.

• In *Hunt v. Alliance North American Government Income Trust*, 159 F.3d 723 (2d Cir. 1998), the Second Circuit reversed the district court's ruling, which denied plaintiffs a cause of action against defendants for failing to disclose that the Trust was unable to utilize proper "hedging" techniques to insure against risk of loss. In the court's view, taken together and in context, the Trust's representations would have misled a reasonable investor.

• *Kamen v. Kemper Fin. Services.*, 500 U.S. 90 (1991). The Supreme Court upheld the right of a stockholder of a mutual fund to bring a derivative suit without first making a pre-suit demand.

• *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, *cert. denied*, 527 U.S. 1003 (1999). The California Supreme Court held that the broad anti-manipulation provisions of the California state securities laws provide a remedy for out-of-state investors who are damaged by manipulative acts committed by defendants in California.

• *Mangini v. R.J. Reynolds Tobacco Co.*, 7 Cal. 4th 1057, *cert. denied*, 513 U.S. 1016 (1994). The California Supreme Court upheld allegations that a cigarette manufacturer committed an unlawful business practice by targeting minors with its advertising, rejecting the manufacturer's contention that such an action was preempted by health-based federal cigarette labeling laws.

• *Gohler v. Wood*, 919 P.2d 561 (Utah 1996). The Utah Supreme Court held that investors need not plead or prove "reliance" on false or misleading statements to state a claim under a state law prohibiting misleading statements in connection with the sale of a security.

• *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1998). *Cooper* is the leading Ninth Circuit precedent on pleading accounting fraud with particularity. The court held that plaintiffs stated claims against a company, its independent auditors, and underwriters for allegedly engaging in a scheme to defraud involving improper revenue recognition.

• *McGann v. Ernst & Young*, 102 F.3d 390 (9th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997). *McGann* is a leading federal appellate precedent interpreting Securities Exchange Act §10(b)'s provision prohibiting manipulative or deceptive conduct "in connection with" the purchase or sale of a security. The court rejected contentions that auditors could not be liable if they participated in no securities transactions. Rather, an accounting firm is subject to liability if it prepares a fraudulent audit report and it knows its client will include the report in an SEC filing.

• *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996), *cert. denied*, 522 U.S. 808 (1997). In *Provenz* the Ninth Circuit reversed a district court's entry of summary judgment for defendants in an accounting-fraud case. The case is a leading federal appellate precedent on the evidence required to prove fraudulent revenue recognition.

• *Knapp v. Ernst & Whinney*, 90 F.3d 1431 (9th Cir. 1996). The Ninth Circuit affirmed a jury verdict entered for stock purchasers against a major accounting firm.

• *Warshaw v. Xoma Corp.*, 74 F.3d 955 (9th Cir. 1996). *Warshaw* is a leading federal appellate precedent on pleading falsity in securities class actions -- sustaining allegations that a pharmaceutical company misled securities analysts and investors regarding the efficacy of a new drug and the likelihood of FDA approval. The court held that a company may be liable to investors if it misled securities analysts.

• *Fecht v. Price Co.*, 70 F.3d 1078 (9th Cir. 1995), *cert. denied*, 517 U.S. 1136 (1996). *Fecht* is another leading precedent on pleading falsity with particularity. It sustained allegations that a retail chain's positive portrayal of its expansion program was misleading in light of undisclosed problems that caused the program to be curtailed. The Ninth Circuit held that investors may draw on contemporaneous conditions – such as disappointing results and losses in new stores – to explain why a company's optimistic statements were false and misleading.

• *In re Software Toolworks Sec. Litig.*, 50 F.3d 615 (9th Cir. 1995). In *Software Toolworks*, the Ninth Circuit reversed the summary judgment entered for defendants, including a company and top insiders, its independent auditors, and underwriters. Among other things, the court held that defendants could be liable for their role in drafting a misleading letter sent to the SEC on a corporate defendant's attorney's letterhead.

• *Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994), *cert. denied*, 516 U.S. 810 (1995). The court reversed entry of summary judgment for defendants because plaintiff investors presented sufficient evidence for a jury to hold that a medical device did not work as well as defendants claimed.

• *In re Wells Fargo Sec. Litig.*, 12 F.3d 922 (9th Cir. 1993), *cert. denied*, 513 U.S. 917 (1994). *Wells Fargo* is a leading federal appellate decision on pleading accounting fraud, sustaining investors' allegations that a bank misrepresented the adequacy of its loan-loss reserves.

• *In re Apple Computer Sec. Litig.*, 886 F.2d 1109 (9th Cir. 1989), *cert. denied*, 496 U.S. 943 (1990). The Ninth Circuit held that investors could proceed to trial on claims that a company's representations about its new disk drive were misleading because they failed to disclose serious technical problems.

• *Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985). The Second Circuit reversed the district court's dismissal of a securities fraud complaint in an important opinion clarifying the "fraud" pleading requirements of Federal Rule of Civil Procedure 9(b).

• *Cowin v. Bresler*, 741 F.2d 410 (D.C. Cir. 1984). The Court of Appeals reversed the lower court's dismissal of the complaint. The firm had sought the extraordinary remedy of the appointment of a receiver over the affairs of a public company due to the highly specific allegations of fraud, dishonesty and gross mismanagement of the corporation's controlling shareholders.

• *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir.), *cert. denied*, 469 U.S. 932 (1984). The Ninth Circuit upheld an investor's right to pursue a class action against an accounting firm, adopting statute of limitation rules for §10(b) suits that are favorable to investors.

• *Hasan v. CleveTrust Realty Investors*, 729 F.2d 372 (6th Cir. 1984). The Court of Appeals very strictly construed, and thus narrowed, the ability of a "special litigation committee" of the board of a public company to terminate a derivative action brought by a shareholder.

• *Fox v. Reich & Tang, Inc.*, 692 F.2d 250 (2d Cir. 1982), *aff'd sub nom. Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984). The court held that a derivative action to recover excessive advisory fees may be brought on behalf of an investment company without any prior demand on the board.

• *Rifkin v. Crow*, 574 F.2d 256 (5th Cir. 1978). The Fifth Circuit reversed an order granting summary judgment for defendants in a §10(b) case, paving the way for future acceptance of the "fraud-on-the-market" rationale in the Fifth Circuit.

• *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Disallows auctions for selection of lead plaintiff in securities class actions; protects lead plaintiff's right to select lead counsel.

• *Heit v. Weitzen*, 402 F.2d 909 (2d Cir. 1968), *rev'g* 260 F. Supp. 598 (S.D.N.Y. 1966). The court held that liability under §10(b) of the Securities Exchange Act extends to defendants who were not in privity with the named plaintiffs or the class represented by the named plaintiffs.

• **Blackie v. Barrack**, 524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). This is the seminal appellate decision on the use of the "fraud-on-the-market" theory, allowing investors who purchase stock at artificially inflated prices to recover even if they were personally unaware of the false and misleading statements reflected in the stock's price. The court stated that class actions are necessary to protect the rights of defrauded purchasers of securities.

• **In re NASDAQ Market-Makers Antitrust Litig.**, 169 F.R.D. 493 (S.D.N.Y. 1996). The court certified a class of *millions* of investors over defendants' strenuous objections.

• **Bershad v. McDonough**, 300 F. Supp. 1051 (N.D. Ill. 1969), *aff'd*, 428 F.2d 693 (7th Cir. 1970). The plaintiff obtained summary judgment for a violation of §16(b) of the Securities Exchange Act in which the transaction was structured by the defendants to look like a lawful option. The decision has been cited frequently in discussions as to the scope and purpose of §16(b).

• **Lazar v. Hertz Corp.**, 143 Cal. App. 3d 128 (1983). The Court of Appeal ordered a consumer class certified in an opinion that significantly broadens the right of injured consumers to bring class actions.

• **Barr v. United Methodist Church**, 90 Cal. App. 3d 259, *cert. denied*, 444 U.S. 973 (1979). The Court of Appeal rejected constitutional defenses to an action for civil fraud and breach of contract by religiously affiliated defendants.

ADDITIONALLY, IN THE CONTEXT OF SHAREHOLDER DERIVATIVE ACTIONS, Milberg Weiss has been at the forefront of protecting shareholders' investments by causing important changes in corporate governance as part of the global settlement of such cases. Three recent cases in which such changes were made include:

• **In re Marketspan Corporate Shareholder Litig.**, CV No. 98-15884 (N.Y. Sup. Ct.) (settlement agreement required modifications of corporate governance structure, changes to the audit committee and changes in compensation awards and to the nominating committee).

• **Teachers' Retirement Sys. of Louisiana v. Occidental Petroleum Corp.**, CV No. BC185009 (Cal. Super. Ct.) (as part of the settlement, corporate governance changes were made to the composition of the company's board of directors, the company's nominating committee, compensation committee and audit committee).

• **Abramsky v. Computer Sciences Corp.**, CV No. 98-00306-JBR(RLH) (D. Nev.) (significant changes to the company's by-laws and governance procedures to enhance shareholder voting rights and the role of outside directors).

The firm works exclusively with noted corporate governance expert Robert Monks and his Lens Asset Management Company to shape corporate governance remedies for the benefit of class and derivative plaintiffs.

## THE FIRM'S PARTNERS

**MELVYN I. WEISS** received a Bachelor's degree in accounting from Baruch College of the City College of New York in 1957, and a J.D. degree from New York University School of Law in 1959. He was admitted to the Bar of the State of New York in 1960 and is presently a member of the Bar of the United States District Court in the Eastern and Southern Districts of New York, the United States Court of Appeals for the Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Circuits, and the United States Supreme Court.

Mr. Weiss served as co-chair of the American Bar Association's Litigation Section Class and Derivative Action Committee. He served on that Section's special Federal Rule 23 Revision Study Committee and for six years on the Committee on Corporate Laws of the Corporation and Banking Section. He is the author of "Tender Offers and Management Responsibility," 23 N.Y. L. Rev. 445 (1978), and has authored course materials for the Practising Law Institute's seminars on "Class Actions," "Accountants' Liability," "New Trends in Securities Litigation," "Counseling the Accountant" and prosecuting insurance policyholder litigation. He has lectured throughout the country and Canada in forums conducted by the Practising Law Institute and other institutes and as guest lecturer at New York University School of Law, Hofstra University in New York, Duke Law School and at the Salzburg seminars. He has addressed several accounting associations such as the New York State Society of C.P.A.'s, the National Association of Accountants and National Association of Internal Auditors. He has participated as a panelist in programs for the North American Association of State Securities Administrators and has been frequently quoted as a leading authority on shareholder and consumer rights in the national media. Mr. Weiss is a Fellow of the American College of Trial Lawyers. Mr. Weiss is a trustee of N.Y.U. School of Law and the recipient of its Vanderbilt Medal awarded annually to an outstanding alumni. He has also testified before congressional committees on securities litigation and accountants' liability.

Mr. Weiss's expertise has been recognized on numerous occasions by courts which have appointed him to positions of control in complex litigations. Among the more prominent of these are the *Drexel/Milken* litigations, in which he recovered over $800 million for investors in *Columbia Savings and Loan*, and policyholders in *Executive Life Insurance Company of America*, and others; *In re Washington Public Power Supply System Sec. Litigation*, MDL 551 (D. Ariz.), in which Mr. Weiss was one of three court-appointed lead counsel for a class which recovered $775 million; *In re U.S. Financial Securities Litigation*, MDL 161 (S.D. Cal.), in which he was chairman of Plaintiffs' Steering Committee in a consolidated action that settled for over $50 million; *In re Itel Sec. Litig.* (N.D. Cal.), where he acted as co-lead counsel in a consolidated securities action that settled for $40 million; *In re Chase Manhattan Bank Stockholders Litigation* (N.Y. Supreme Court), where he was co-lead counsel and a derivative settlement for $32.5 million was achieved; *Prudential Limited Partnership* litigation (recovered $110 million); *Mercedes Tire Defect* litigation (recovered $100 million); *New York Life Insurance Policyholder* litigation (recovered $300+ million); and *Prudential Life Insurance Policyholder* litigation (recovered $2+ billion).

**WILLIAM S. LERACH** received his Bachelor of Arts degree from the University of Pittsburgh in 1967. He received his law degree in 1970 from the University of Pittsburgh, where he graduated second in his class, *magna cum laude* and was a member of the Order of the Coif. Mr. Lerach was admitted to the Pennsylvania Bar in 1970 and to the California Bar in 1976. Mr. Lerach was a partner with Reed Smith Shaw & McClay, a large Pittsburgh law firm, before joining Milberg Weiss in 1976. He is a member of the Pennsylvania and California Bar Associations and has been admitted to practice before numerous federal and state courts.

Mr. Lerach is widely recognized as one of the leading securities lawyers in the United States. He has headed up the prosecution of hundreds of securities class and stockholder derivative actions which have resulted in recoveries for defrauded shareholders and victimized corporations amounting to billions of dollars. Mr. Lerach has been the subject of considerable media attention and is a frequent commentator on securities and corporate law, as well as a frequent lecturer. He represents numerous public and Taft-Hartley pension funds in corporate securities matters.

Mr. Lerach is the author of "Termination of Class Actions: The Judicial Role," McGough & Lerach, 33 U. Pitt L. Rev. 446 (1972); "Class and Derivative Actions Under the Federal Securities Laws" (1980 Regents of the University of California); "Life After *Huddleston*: Streamlining and Simplification of the Securities Class Action," 7 Class Action Reports 318 (1982); "Class Actions: Plaintiffs' Perspectives, Tactics and Problems," ALI/ABA, Civil Practice and Litigation in Federal and State Courts (1984); "Class Action and Derivative Suits in the Aftermath of Control Contests, Mergers and Acquisitions: Choice of Forum and Remedies; Attorney/Client Privilege in Class and Derivative Cases," ABA 1984 Annual Meeting (1984); "Alternative Approaches for Awarding Attorneys' Fees in Federal Court Litigation: It's Time to Unload the Lodestar" (unpublished paper presented to the Ninth Circuit Judicial Conference (1984)); "Securities Class Actions and Derivative Litigations Involving Public Companies: A Plaintiff's Perspective," ALI/ABI, Civil Practice and Litigation in Federal and State Courts (1985), ABA Fall Meeting (1985) and PLI Securities Litigation, Prosecution and Defense Strategies (1985); "The Incorporation Trap: How Delaware Has Destroyed Corporate Governance" (unpublished paper presented to the Council of Institutional Investors (1990)); co-author of "Civil RICO in Shareholders Suits Involving Defense Contractors" in *Civil RICO Practice: Causes of Action*, published by John Wiley & Sons, Inc. (1991); "An Alarming Decline In the Quality of Financial Reporting" (unpublished paper presented to 7th Annual *Business Week* CFO Forum (June 1998) and also featured on Milberg Weiss's web site: *www.milberg.com*); "The Private Securities Litigation Reform Act of 1995 – 27 Months Later: Securities Class Action Litigation Under The Private Securities Litigation Reform Act's Brave New World," Washington U. L. Rev., Vol. 76, No. 2 (1998); "Achieving Corporate Governance Enhancements Through Litigation," keynote address to Council of Institutional Investors spring meeting, Mar. 27, 2001; "Why Insiders Get Rich, and the Little Guy Loses," *L.A. Times*, Jan. 20, 2002; and "The Chickens Have Come Home to Roost: How Wall Street, the Big Accounting Firms and Corporate Interests Chloroformed Congress and Cost America's Investors Trillions." He is also the author of "Plundering America: How American Investors Got Taken for Trillions by Corporate Insiders - The Rise of the New Corporate Kleptocracy" 8 Stanford J. of Law, Bus. and Fin. 1 (2002).

Mr. Lerach is a member of the American Bar Association Litigation Section's Committee on Class Actions and Derivative Skills, and has been involved in many of the largest and highest profile securities class action and corporate derivative suits in recent years, including *Enron, Dynegy, Qwest* and *WorldCom*. He is listed in the "Best Lawyers in America" and is a Master of the American Inns of Court. Mr. Lerach has been the President of the National Association of Securities and Commercial Lawyers (NASCAT), a national group of attorneys specializing in commercial and securities litigation. Mr. Lerach is a member of the Editorial Board of *Class Action Reports*, and frequently lectures on class and derivative actions, accountants' liability, and attorneys' fees, and has been a guest lecturer at Stanford University, University of California at Los Angeles and San Diego, University of Pittsburgh, San Diego State University and at the Council of Institutional Investors and the International Corporate Governance Network. He is also a member of the American Law Institute faculty on Federal and State Class Action Litigation.

Mr. Lerach has testified before federal and state legislative committees concerning corporate governance and securities matters and is frequently quoted in the national media regarding corporate issues.

Mr. Lerach was honored by President Clinton who appointed him to be a member of the United States Holocaust Memorial Council.

### DAVID J. BERSHAD graduated from Cornell University in 1961 with an A.B. degree in Philosophy. He graduated from Columbia Law School in 1964 and while there he participated in the Harlan Fiske Stone Moot Court Honors Competition and was elected a member of Phi Alpha Delta. He has been primarily engaged in the prosecution of complex securities and commercial litigation. Mr. Bershad is a founding member of Milberg Weiss Bershad Hynes & Lerach LLP, which is widely recognized as the nation's foremost plaintiffs' class action law firm.

He has served as plaintiff's liaison counsel in *In re Baldwin-United Corporation Litigation*, M.D.L. No. 581, before Judge Brieant in the United States District Court for the Southern District of New York, and in such capacity was the prime negotiator of a series of settlements aggregating more than $220 million, the largest federal securities class action settlement recorded at that time. Subsequently, he has led plaintiffs' counsel in a wide ranging selection of cases arising out of the federal securities laws as well as anti-trust and consumer laws. He has actively negotiated more than 100 complex class action settlements in the areas of securities law, antitrust and consumer rights, including acting as prime negotiator and achieving a $1.07 billion settlement in *In re Nasdaq Market-Makers Antitrust Litigation*, M.D.L. No.1023, currently the largest antitrust class action settlement.

Mr. Bershad is admitted to practice before the Courts of New York State and the District Courts of the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit and the Supreme Court of the United States. He has argued matters in the United States District Courts in Boston, New Haven, Hartford, Newark, Washington, Philadelphia, Houston, Chicago, Miami and San Diego.

A regular panelist on securities law matters for the Practising Law Institute and American Conference Institute, Mr. Bershad lectures on the topics of complex litigation, federal securities law, class actions and financial derivatives. He has contributed the plaintiffs' view in a book, *Securities Class Actions: Abuses and Remedies*, published by the National Legal Center for the Public Interest, and has debated the plaintiffs' view of the world before the Federalist Society. He has also appeared as a legal expert on CNBC and CNN regarding significant business-related public interest issues.

**STEVEN G. SCHULMAN** graduated with a B.A., *magna cum laude*, Phi Beta Kappa, from Williams College in 1973. Thereafter, he received advanced graduate degrees in international relations from the Fletcher School of Law and Diplomacy at Tufts University. In 1977, Mr. Schulman enrolled at the University of Chicago Law School and was thereafter elected to the Law Review. He received his J.D. with Honors in 1980 and was elected to the Order of the Coif. After law school graduation, Mr. Schulman served for one year as a law clerk to the Honorable Robert L. Kunzig of the United States Court of Claims in Washington, D.C. Upon leaving his clerkship, he joined Cravath, Swaine & Moore in New York City as an associate.

Since joining Milberg Weiss in 1986, he has been engaged in a wide variety of securities fraud class actions and shareholder derivative actions. He has also been actively and extensively involved in shareholder litigations arising from mergers and acquisitions, many of which were litigated in courts of the State of Delaware. Mr. Schulman is a member of the Bars of the State of New York and the District of Columbia and is also admitted to practice before the District Court of the Southern, Northern, and Eastern Districts of New York, the Association of the Bar of the State of New York, the American Bar Association, and the Federal Bar Council. In addition to being a member of the Association of the Bar of the City of New York, Mr. Schulman serves on its Special Committee on Mergers, Acquisitions and Corporate Control Contests.

**PATRICK J. COUGHLIN**, Partner, Senior Trial Counsel -- Lead counsel for several major securities matters in the past decade including one of the largest class action securities cases

to go to trial, *In re Apple Computer Securities Litigation*, C-84-20148(A)-JW. Prior to joining Milberg Weiss, Mr. Coughlin was an Assistant United States Attorney in Washington, D.C. and San Diego handling complex white collar fraud matters. During this time Mr. Coughlin helped try one of the largest criminal RICO cases ever prosecuted by the United States, *United States v. Brown, et al.*, 86-3056-SWR, as well as an infamous oil fraud scheme resulting in a complex murder-for-hire trial, *United States v. Boeckman, et al.*, 87-0676-K. Mr. Coughlin has instructed on the current state of securities class action litigation in light of United States Congressional action aimed at weakening United States securities laws. Mr. Coughlin has handled a number of large securities cases involving such companies as IDB Communications Group ($75 million settlement); Unocal ($47.5 million settlement); Media Vision ($25 million settlement); Sierra Tucson ($11 million settlement); Merisel ($11 million settlement); Sunrise Medical ($20 million settlement); Sybase ($28.5 million settlement); Valence ($20 million settlement); Connor Peripherals ($25 million settlement); ADAC ($20 million settlement); 3Com ($259 million settlement). In addition, Mr. Coughlin has handled a number of actions against the tobacco industry resulting in the phase-out of the Joe Camel Campaign and a $12.5 billion recovery to the Cities and Counties of California. Recent trials include a RICO case against the tobacco industry (March 1999) and securities cases against Wells Fargo (October 1999) and California Amplifier (February 2000).

**JOHN J. STOIA, JR.** received his Bachelor of Science degree from the University of Tulsa in 1983. While working on his degree, Mr. Stoia was elected President of the National Political Science Honor Society and graduated with highest honors. In 1986, Mr. Stoia received his Juris Doctor degree from the University of Tulsa and graduated in the top of his class.

In 1987, Mr. Stoia graduated from the Georgetown University Law Center in Washington, D.C., receiving his Masters of Law in Securities Regulation. Thereafter, Mr. Stoia was an enforcement attorney with the United States Securities and Exchange Commission until joining Milberg Weiss.

Mr. Stoia has worked on numerous nationwide complex securities class actions, including *In re American Continental Corporation/Lincoln Savings & Loan Securities Litigation*, MDL 834 (D. Ariz.), which arose out of the collapse of Lincoln Savings & Loan and Charles Keating's empire. Mr. Stoia was a significant member of the plaintiffs' trial team which obtained verdicts against Mr. Keating and his co-defendants in excess of $3 billion and settlements of over $240 million.

Mr. Stoia has been involved in over 40 nationwide class actions brought by policyholders against U.S. and Canadian life insurance companies seeking redress for deceptive sales practices during the 1980's and 1990's. Mr. Stoia has been actively involved in cases against, among others, Prudential, New York Life, Transamerica Life Insurance Company, General American Life Insurance Company, Manufacturer's Life, Metropolitan Life, American General, US Life, Allianz, Principal Life and Pacific Life Insurance Company. Mr. Stoia and the firm have been appointed lead counsel for plaintiffs and class members in all deceptive sales practices cases which they have been involved.

Mr. Stoia has also been involved in numerous cases brought against life insurance companies for racial discrimination involving the sale of small value or "industrial life" insurance policies during the 20th century. Mr. Stoia and the firm were lead counsel in *McNeil, et al. v. American General Life Insurance and Accident Insurance Company*, the first major settlement involving discrimination claims which resulted in a $234 million recovery for class members. Mr. Stoia has since resolved other race-based insurance cases, including *Brown v. United Life Insurance Company* ($40 million), *Morris v. Life Insurance Company of Georgia* ($55 million) and *Thompson v. Metropolitan Life* ($145 million).

Recently, Mr. Stoia has been involved in representing large institutional investors who have suffered losses as a result of the major financial debacles and accounting restatements by public companies such as WorldCom.

Mr. Stoia is a frequent lecturer at ALI-ABA, Practicing Law Institute and American Trial Lawyers Association seminars and conferences.

## SOL SCHREIBER

**SOL SCHREIBER** received a Bachelor of Arts degree, *cum laude*, in 1952 from City College of New York, and his LL.B. from Yale Law School in 1955. He is admitted to the bar of the State of New York, to the United States District Courts for the Southern and Eastern Districts of New York and to the Second Circuit Court of Appeals.

From 1971 through 1978, Mr. Schreiber was a United States Magistrate Judge in the United States District Court for the Southern District of New York where he conducted more than 2,500 criminal and 12,500 civil pretrial hearings and settled approximately 2,000 civil cases. In addition to trying numerous civil and criminal cases, Mr. Schreiber supervised pretrial practice in derivative, class and complex actions in the admiralty, antitrust, aviation, securities, directors' and officers' and product liability fields, including *Berkey v. Kodak*, *Litton v. ATT*, the *Penn Central Commercial Paper* litigation, the

*New York Times* and *Readers' Digest* gender discrimination, the *Argo Merchant-Nantucket* stranding, and the *Tenerife 747* collision cases.

From November 1978 to January 1982, when he joined Milberg Weiss, Mr. Schreiber served as the President and Chief Executive Officer of a unit of the Federation of Jewish Philanthropies of New York which provided centralized legal, risk management and insurance services for the Federation's hospitals, homes for the aged, and health, education and community service agencies. He was Trial Counsel from 1955 through 1971 and Resident Counsel from 1966 through 1971 of the Brooklyn office of Liberty Mutual Insurance Company.

Mr. Schreiber has been a participant in numerous special project committees for the American Bar Association and the Second Circuit. From 1960 to the present, Mr. Schreiber has been the Planning and Program Chairman of the ALI-ABA and PLI Continuing Professional Education national courses of study on evidence, civil practice and employment discrimination litigation in federal and state courts. He has been a frequent lecturer at professional programs and workshops on federal and state court civil procedure, federal and state court trial evidence and federal criminal practice and procedure. Mr. Schreiber was Reporter, ABA Advocacy Task Force (1970-1971), which led to the formation of the National Institute for Trial Advocacy. From 1972 to 1987, he served as an Adjunct Professor at Fordham Law School teaching courses in trial advocacy, product liability, mass torts and insurance disputes. He has been editor for more than 40 CLE course handbooks and major publications on civil practice and litigation, including ALI-ABA's three-volume Civil Practice Guide, *Litigation in Federal and State Courts* (8th ed. 1998). Mr. Schreiber is a Member, Board of Editors, *Moore's Federal Practice* (2d ed.).

Presently, Mr. Schreiber is Court-Appointed Special Master in *Marcos Human Rights Litigation*. He was Special Master in the *Pan American Lockerbie* cases, the *Agent Orange Litigation* (March 1982 - January 1984), and a series of other complex federal civil cases.

Mr. Schreiber was Judicial Member, Anglo American Exchange on Civil Procedure (March 1974), and Hearing Officer, N.Y. State Master Energy Plan (fall 1979). He is the recipient of the Francis Rawle Award for outstanding achievements in post-admission legal education (ALI-ABA, July 1985) and the Presidential Award, Legal Aid Society (November 1984). Mr. Schreiber is also the Founder and Co-Chair of the Ovarian Cancer Research Fund, Incorporated.

Mr. Schreiber is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York and the American Law Institute.

**JEROME M. CONGRESS** received a B.A. degree with Honors from Cornell University. From 1960 to 1962 he was a Fulbright Scholar at Oxford University, England, where he studied Philosophy, Politics and Economics. He received an LL.B. degree *cum laude* from Harvard Law School where he was an editor of the *Harvard Law Review* during 1963-1964. He is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit. Since graduating from law school, he has spent the bulk of his time in commercial and securities litigation.

**KEITH F. PARK** graduated from the University of California at Santa Barbara in 1968 and from the Hastings College of Law of the University of California in 1972. He is admitted to practice in California and New York.

**ARNOLD N. BRESSLER** graduated from Case Western Reserve University in 1971 with a Bachelor of Arts degree, *magna cum laude*, and was elected to Phi Beta Kappa. In 1974 he graduated from Columbia Law School where he was a member of the Board of Editors of the *Columbia Law Review* and a Harlan Fiske Stone Scholar. Mr. Bressler is admitted to practice in the courts of the State of New York and the State of New Jersey as well as the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey. He is also a member of the Association of the Bar of the City of New York. Mr. Bressler is the head of the firm's Corporate Department, which represents primarily middle market (sales under $100 million) public companies as well as closely held and foreign-owned corporations. Approximately 40% of the Department's time is devoted to securities related matters, 30% to mergers and acquisitions, and 30% to general corporate matters. The firm is currently general counsel to a number of publicly traded corporations in the United States as well as several subsidiaries of foreign public corporations.

The firm has represented companies on the New York and American Stock Exchanges as well as other NASDAQ companies, taken companies public and managed secondary offerings. The firm has specialized in corporate and securities law for over 20 years, primarily representing issuers. Mr. Bressler is the firm's representative to ACL International, an association of international law firms with members in over

35 countries. Mr. Bressler has lectured in Europe and North America on U.S. securities and corporate laws.

Since 1994, Mr. Bressler has served as a director and officer of the Israel Histradut Foundation, which primarily supports social service programs in Israel. From 1990 to 1996, Mr. Bressler served as Vice Chairman of the Board of Directors of the Rodeph Sholom School, a private elementary school in New York City.

**MICHAEL C. SPENCER** graduated from Yale University in 1973 with a B.A. degree, *magna cum laude*, with distinction, in Philosophy. While at Yale, he was elected to Phi Beta Kappa. Mr. Spencer received a J.D. degree from Harvard Law School, *cum laude*, in 1976. After graduation, he served as a law clerk to the Honorable William Matthew Byrne, Jr., United States District Judge, Los Angeles, California. Upon leaving the clerkship, Mr. Spencer joined Cravath, Swaine & Moore in New York City as an associate. He joined Milberg Weiss in 1986 and became a partner in 1987. He has been engaged in a wide variety of commercial, securities fraud, real estate, antitrust, account liability, fiduciary duty, defamation and banking litigation in state and federal courts. He is admitted to practice in New York and California.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976, graduating *magna cum laude*. He attended the New York University School of Law, earning his J.D. degree in May 1979. He was elected to the law school's Order of the Coif and served as an editor of the *New York University Law Review*. Mr. Wallner is admitted to the New York Bar, the United States District Court for the Southern and Eastern Districts of New York and the Third Circuit Court of Appeals. He serves on the Federal Courts Committee of the Association of the Bar of the City of New York. Mr. Wallner has litigated securities, antitrust and consumer cases throughout the country. He was associated with Cravath, Swaine & Moore prior to joining this firm.

**SANFORD P. DUMAIN** attended Columbia University where he received his Bachelor of Arts degree in 1978. He graduated *cum laude* from Benjamin N. Cardozo School of Law of Yeshiva University in 1981 and was Research Editor of *Cardozo Law Review*, 1980-1981. Mr. Dumain served as law clerk to Judge Warren W. Eginton, U.S. District Court, District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law. He was recently the Secretary of the Federal Courts Committee of the Association of the Bar of the City of New York.

Since joining Milberg Weiss in 1984, Mr. Dumain has represented plaintiffs in cases involving securities fraud, consumer fraud, insurance fraud and violations of the antitrust laws. He has lectured for ALI-ABA concerning accountants' liability and has prosecuted several actions against accounting firms.

During 1990, Mr. Dumain served on the trial team for a six-month trial in which the firm represented the City of San Jose, California, that resulted in a verdict for the City against defendants totaling over $18 million plus pre-judgment interest. The City's claims against two of the defendants were settled for $12 million while appeals to the Ninth Circuit were pending. Previously, settlements with eleven other defendants totaled over $12 million.

He is admitted to practice to the State Bar of New York, U.S. District Court for the Southern and Eastern Districts of New York and District of Connecticut, and U.S. Court of Appeals for the First and Second Circuits.

**GEORGE A. BAUER III** earned his B.B.A. degree *magna cum laude* in 1976 from Bernard M. Baruch College of the City University of New York, where he majored in accounting. He was awarded the Andrew J. Coppola prize in Law from Baruch College. Mr. Bauer attended New York University School of Law and graduated with a Juris Doctor degree in 1979. Mr. Bauer was admitted as a member of the New York Bar in January 1980 and is also admitted to the United States District Court for the Southern and Eastern Districts of New York. Mr. Bauer is admitted to practice before the United States Supreme Court and the United States Court of Appeals for the Second and Fourth Circuits.

Mr. Bauer has been actively involved with all phases of class action securities litigation, commercial civil litigation, settlement administration and estate and trust administration, emphasizing settlement documentation and administration with Milberg Weiss since August of 1979. He is a member of the American Bar Association, the New York State Bar Association, the American Trial Lawyers Association and the New York County Lawyers Association.

Mr. Bauer has played a lead role in documenting and effectuating the settlements in numerous complex securities litigations including *In re NASDAQ Market-Makers Antitrust Litigation*, MDL 1023, *In re Drexel Burnham Lambert Group*, 90 Civ. 6954 (MP) (S.D.N.Y.), *In re Michael Milken & Associates Securities Litigation*, MDL No. 924 (S.D.N.Y.), *In re Prudential Securities Incorporated Limited Partnerships Securities Litigation*, MDL No. 1005 (S.D.N.Y.), and *In re*

*PaineWebber Limited Partnership Litigation*, Master File No. 94-Civ. 8547(SHS) (S.D.N.Y.).

**BARRY A. WEPRIN** graduated from Harvard College in 1974. He received a J.D. from the New York University School of Law in 1978, and a Master of Public Affairs from the Woodrow Wilson School of Princeton University in 1978. While in law school, Mr. Weprin was Notes and Comments Editor of the *New York University Law Review*.

After graduation, he served as law clerk to Judge Charles P. Sifton of the United States District Court for the Eastern District of New York. Following his clerkship, Mr. Weprin was associated with the law firm of Wachtell Lipton Rosen & Katz where he specialized in commercial and securities litigation. From 1985 to 1989 he served as general counsel to the New York State Housing Finance Agency and the New York State Medical Care Facilities Finance Agency, two agencies that issue tax exempt bonds for financing nonprofit medical facilities and qualified housing projects.

Since joining Milberg Weiss in 1989, he has specialized in securities and insurance litigation. Mr. Weprin has served as co-lead counsel in a number of complex securities class action litigations, including *In re All Star Inns Securities Litigation* (S.D.N.Y.), *In re York Research Securities Litigation* (S.D.N.Y.), and *Bharucha v. Reuters, PLC* (E.D.N.Y.). He was one of the principal attorneys in the sales practice litigations against The New York Life Insurance Company, The John Hancock Mutual Life Insurance Company, and The Prudential Life Insurance Company.

In approving the settlement in the *Allstar Inns* case, Judge Peter Leisure stated:

> We have a situation here which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel ... Barry Weprin of Milberg Weiss, precedes them to this court and I'm familiar in other matters with the case in which these lawyers work.

> The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well-represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used.

Mr. Weprin has served as a town Councilman for the Town of Mamaroneck, New York, since January 1994. From 1992

through 1994 he was vice chairman of the Town of Mamaroneck Housing Authority.

Mr. Weprin is a member of the American Bar Association, the Association of the Bar of the City of New York, the New York County Lawyers Association, and the New York State Bar Association. He is admitted to practice in New York, the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

**HELEN J. HODGES** received her Bachelor of Science degree in accounting from Oklahoma State University in 1979. While attending Oklahoma State, Ms. Hodges obtained her private pilot's license and in 1980 was a member of Oklahoma State's flying team, which won top honors at the National Intercollegiate Flying Association competition. Ms. Hodges became a certified public accountant in 1982 and received her Juris Doctor degree from the University of Oklahoma in 1983, where she was the Managing Editor of the Law Review. She was admitted to the State Bars of Oklahoma in 1983 and California in 1987. She is also admitted to practice in the Western District of Oklahoma, the Northern, Central and Southern Districts of California and the Ninth Circuit.

Before joining Milberg Weiss, Ms. Hodges was a staff accountant with Arthur Andersen & Co. and she served as the law clerk for the *Penn Square* cases in the Western District of Oklahoma. Ms. Hodges has been involved in several securities class actions involving accountants' liability, including *Knapp v. Gomez*, Civ. No. 87-0067-H(M) (S.D. Cal.), in which a plaintiffs' verdict was returned in a Rule 10b-5 class action.

**RICHARD H. WEISS** received an A.B. degree, *summa cum laude*, from Princeton University in 1979. In 1980, he received an M.Phil. degree in International Relations from Cambridge University, England. He graduated from Yale Law School in 1983. He is admitted to practice in the State of New York, the United States District Court for the Southern District of New York, the United States Supreme Court, and the United States Claims Court.

**ERIC A. ISAACSON** received his A.B. *summa cum laude* from Ohio University in 1982. He earned his J.D. with high honors from the Duke University School of Law in 1985 and was elected to the Order of the Coif. Mr. Isaacson served as a Note and Comment Editor for the *Duke Law Journal*, and in his third year of law school became a member of the moot court board. After graduation Mr. Isaacson clerked for the Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit.

In 1986 Mr. Isaacson joined the litigation department of O'Melveny & Myers. His practice there included cases involving allegations of trademark infringement, unfair business practices and securities fraud. He served as a member of the trial team that successfully prosecuted a major trademark infringement action.

Practicing law with Milberg Weiss since 1989, Mr. Isaacson has been involved in the prosecution of numerous securities fraud class actions. He was a member of the plaintiffs' trial team in *In re Apple Computer Securities Litigation*, No. C-84-20198(A)-JW (N.D. Cal.). Mr. Isaacson also has worked on a variety of appellate matters before the California Courts of Appeal, the California Supreme Court, the United States Court of Appeals and the United States Supreme Court.

Mr. Isaacson's publications include: "Pleading Scienter Under Section 21D(b)(2) of the Securities Exchange Act of 1934: Motive, Opportunity, Recklessness and the Private Securities Litigation Reform Act of 1995" (co-authored with William S. Lerach), 33 San Diego Law Review 893 (1996); "Securities Class Actions in the United States" (co-authored with Patrick J. Coughlin), in William G. Horton & Gerhard Wegen, editors, *Litigation Issues in the Distribution of Securities: An International Perspective* 399 (Kluwer International/International Bar Association, 1997); "Pleading Standards Under the Private Securities Litigation Reform Act of 1995: The Central District of California's *Chantal* Decision" (co-authored with Alan Schulman & Jennifer Wells), *Class Action & Derivative Suits*, Summer 1996, at 14;"Commencing Litigation Under the Private Securities Litigation Reform Act of 1995" (co-authored with Patrick J. Coughlin), in Jay B. Kasner & Bruce G. Vanyo, editors, *Securities Litigation 1996* 9-22 (Practising Law Institute 1996); "The Flag Burning Issue: A Legal Analysis and Comment," 23 Loyola of Los Angeles Law Review 535 (1990).

Mr. Isaacson is a member of the California Bar. He also is admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Third, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits, and before all federal district courts in the State of California.

**REED R. KATHREIN** is a partner of the San Francisco office of the law firm of Milberg Weiss, which he opened in 1994. For the past 15 years, he has focused his practice on complex and class action litigation, principally involving securities and consumer fraud. He has been lead counsel in numerous state as well as federal court actions around the country, including co-lead counsel in the *In re 3Com Securities Litigation* which settled for $259 million.

Mr. Kathrein publishes and lectures extensively in the fields of litigation, consumer and securities law, class actions, and international law. He annually co-chairs the Executive Enterprises program for corporate officers and counsel entitled, "Dealing With Analysts and the Press." He has spoken to the American Bar Association (ABA), the American Business Trial Lawyers Association (ABTLA), the Consumer Attorneys of California (CAOC), the Practicing Law Institute (PLI), the Securities Law Institute, the National Investor Relations Institute (NIRI), state and local bar groups, private seminar organizations and corporations. He testified before the Senate Foreign Relations Committee on behalf of the American Bar Association in favor of advice and consent to ratification of treaties on international sales, arbitration, evidence and service of process. He testified before the California Assembly and Senate Committees on Y2K litigation, the unfair trade practice act and changes in the business judgment rule. He actively fought the passage of the Private Securities Litigation Reform Act of 1995 (PSLRA) and the Securities Litigation Uniform Standard Act of 1998. Most recently, he worked behind the scenes to shape the Sarbanes – Oxley Act of 2002 on corporate responsibility and accountability.

He served as chairman of the Private International Law Committee of the American Bar Association from 1984-1990, as a director and officer of the International Business Counsel Mid-America from 1983-1988, where he also chaired the policy committee. He acted as an advisor to the U.S. State Department's Advisory Committee on Private International Law from 1984-1990. He is a member of the executive committee of the National Association of Securities and Commercial Law Attorneys (NASCAT), and since 1998 has been a member of the Board of Governors of the Consumer Attorneys of California (CAOC).

Formerly, Mr. Kathrein was a partner in the Chicago law firm Arnstein & Lehr, where he represented national and international corporations in litigation involving antitrust, commercial, toxic tort, employment and product and public liability disputes. Mr. Kathrein graduated from the University of Miami (B.A. *cum laude*, 1974; J.D. 1977) where he served as Editor-in-Chief of the International Law Journal. He is admitted to the Bar of the States of Illinois (1977), Florida (1978) and California (1989).

**JEFF S. WESTERMAN** received his B.A. degree from Northwestern University in 1977, where he was selected to two senior honorary societies. He received his Juris Doctorate degree from the University of Pittsburgh in 1980, where he was a member of Law Review from 1978 to 1980. He is admitted to practice in the courts of the State of California, as well as the United States District Court for the Central District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court.

Mr. Westerman is a member (2001-2003) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference, and was recently appointed to the Central District of California, U.S. Magistrate Judge Merit Selection Panel. He is also a member of the United States District Court for the Central District of California Attorney Settlement Officer Panel (1998 -   ).

He is a member of the Los Angeles County and Federal Bar Associations; the State Bar of California; he was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997). Over the years, Mr. Westerman has been active in the Association of Business Trial Lawyers where he served on the Board of Governors (1997-2001), as Treasurer (2001) and Secretary (2002-2003). He was recently invited to join the Board of Governors of the Consumer Attorneys Association of Los Angeles (2003).

Mr. Westerman is also a member of the Los Angeles County Bar Complex Courts Bench-Bar Committee, and the Bench-Bar Civil Courts Committee; and has served as Judge Pro Tem in the Los Angeles Small Claims Court in 1987-1988, 1990, 1992-1993 and 1996-1997.

Mr. Westerman's practice is primarily in the areas of securities fraud class actions, shareholder derivative actions and corporate mergers and acquisition litigation. He served as lead or co-lead counsel in cases resulting in significant corporate governance changes and shareholder recoveries totaling more than $330 million, including two settlements currently pending final court approval.

Mr. Westerman has also been the moderator or speaker for programs on developments in class action practice, settlements and three programs on the Sarbanes-Oxley Corporate Responsibility Act.

**DEBORAH CLARK-WEINTRAUB** attended St. John's University and received a B.A. degree, *summa cum laude*, in 1981. She received the President's Award upon graduation for attaining the highest academic average among the graduates of St. John's College of Liberal Arts and Sciences. Mrs. Weintraub attended Hofstra University School of Law and received her J.D. degree, with distinction, in 1986. She was a member of Law Review (1984-1985) and served as Research Editor (1985-1986). Following graduation, Mrs. Weintraub served as a law clerk to the Honorable Jacob Mishler, United

States District Judge, United States District Court for the Eastern District of New York (1986-1987). She was admitted to the New York Bar in March 1987 and also is admitted to the United States District Court for the Southern and Eastern Districts of New York. She is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and the New York County Lawyers' Association.

**BRAD N. FRIEDMAN** received an A.B. degree in Government from Cornell University in 1982 and a J.D. *cum laude* from New York University School of Law in 1986, where he was a member of the Order of the Coif and an editor of the *New York University Law Review.* Upon graduation from law school, he began a one-year judicial clerkship with the Honorable Max Rosenn, United States Court of Appeals for the Third Circuit. He is admitted to practice in the courts of the State of New York and New Jersey, as well as the United States Court of Appeals for the Third and Fifth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey. He is a member of the American Bar Association, the New York State Bar Association and the New York City Bar Association.

**PAMELA M. PARKER** received her B.A. degree in Political Science and French, with a concentration in International Politics, from the State University of New York at Binghamton, and was elected to Phi Beta Kappa. Ms. Parker received a J.D. degree from Harvard Law School *cum laude* in 1982. While at Harvard, Ms. Parker was an Articles Editor of the *Civil Rights/Civil Liberties Law Review.* After graduation, she served as a law clerk to the Honorable Frank J. Battisti, Chief Judge of the U.S. District Court, Northern District of Ohio. Upon leaving the clerkship, Ms. Parker worked as an associate with the New York firm of Paul, Weiss, Rifkind, Wharton & Garrison. In 1988, Ms. Parker became associated with the New York firm of Lankenau, Kovner & Bickford, specializing in representation of publications, libel defense and First Amendment law.

Since joining Milberg Weiss in 1991, Ms. Parker's practice principally has included appellate matters and environmental and consumer fraud litigation. Ms. Parker has participated in the successful prosecution of several important actions. She was the principal Milberg Weiss attorney prosecuting a series of litigations in state and federal court between 1999-2003 (including *Does I, et al. v. The Gap, Inc., et al.*, No. 01-0031 (N.D.MI.), challenging alleged sweatshop conditions in garment factories on Saipan that produce clothing for4 large U.S. retailers such as The Gap, Target and J.C. Penney. Those

litigations resulted in a settlement of approximately $20 million that included a precedent-setting Monitoring Program to remedy past labor and human rights violations in the factories and prevent future ones.

**THEODORE J. PINTAR** received his B.A. from the University of California at Berkeley in 1984 where he studied Political Economies of Industrial Societies. Mr. Pintar received his J.D. from the University of Utah College of Law in 1987 where he was Note and Comment Editor of the *Journal of Contemporary Law* and the *Journal of Energy Law and Policy.* Before joining Milberg Weiss, Mr. Pintar was associated with the firm of McKenna, Conner & Cuneo in Los Angeles, California, where he specialized in commercial and government contracts defense litigation. Mr. Pintar is co-author of "Assuring Corporate Compliance with Federal Contract Laws and Regulations," Corporate Criminal Liability Reporter, Vol. 2 (Spring 1988).

Since joining Milberg Weiss in 1989, Mr. Pintar has participated in the successful prosecution of numerous securities fraud class actions and derivative actions, including participation on the trial team in *Knapp v. Gomez*, Civ. No. 87-0067-H(M) (S.D. Cal.), which resulted in a plaintiff's verdict. Mr. Pintar has also participated in the successful prosecution of numerous consumer class actions, including (i) actions against major life insurance companies such as Manulife ($555 million settlement value) and Principal Life Insurance Company ($379 million settlement value), (ii) actions against major homeowners insurance companies such as Allstate ($50 million settlement) and Prudential Property and Casualty Co. ($7 million settlement), and (iii) an action against Columbia House ($55 million settlement value), a direct marketer of CDs and cassettes.

Mr. Pintar is a member of the State Bar of California and the San Diego County Bar Association.

**MARK SOLOMON** earned his law degrees from Trinity College, Cambridge University, England (1985), Harvard Law School (1986) and the Inns of Court School of Law, England (1987). He is admitted to the bars of England and Wales (Barrister), Ohio and California, as well as to various U.S. Federal District and Appellate Courts.

Before attending Trinity College in England, Mr. Solomon served as a British police officer. After qualifying as a barrister, and prior to joining Milberg Weiss in September 1993, he practiced at a large Cleveland, Ohio corporate law firm, followed by practice at the Los Angeles office of a New York corporate firm. At those firms Mr. Solomon's

representations included the defense of securities fraud and other white-collar crime actions, copyright, commercial and real estate litigation and reinsurance arbitration. While practicing in Los Angeles, Mr. Solomon took to trial, and won, commercial contract and real estate actions in the Los Angeles and Orange County Superior Courts.

Since joining Milberg Weiss, Mr. Solomon has spearheaded the prosecution of many securities cases. He has obtained substantial recoveries and judgments through settlement, summary adjudications and trial. He litigated, through trial, *In re Helionetics*, SACV 94-1069-AHS(EEx) (C.D. Cal.), where he and his trial partner, Paul Howes, won a unanimous $15.4 million jury verdict in November 2000. He has led the litigation of many other cases, among them *In re Informix Corp. Sec. Litig.*, C-97-1289-CRB (N.D. Cal.) ($142 million recovery); *Rosen, et al. v. Macromedia, Inc., et al.*, 988526 (Superior Court, County of San Francisco) ($48 million recovery); *In re Community Psychiatric Centers Sec. Litig.*, SACV-91-533-AHS(EEx) (C.D. Cal.) ($42.5 million recovery); *In re Advanced Micro Devices Sec. Litig.*, C-93-20662-RPA(PVT) (N.D. Cal.) ($33 million recovery); *In re Tele-Communications, Inc. Sec. Litig.*, 97CV421 (Arapahoe Dist. Ct. Colo.) ($33 million recovery); *In re Home Theater Sec. Litig.*, SACV-95-858-GLT(EEx) (C.D. Cal.) ($22.5 million judgment); *In re Gupta Corporation Sec. Litig.*, C-94-1517-FMS (N.D. Cal.) ($15 million recovery); *In re Radius Sec. Litig.*, C-92-20597-RPA(EAI) (N.D. Cal.) and *In re SuperMac Technology, Inc. Sec. Litig.*, C-94-20206-RPA(PVT) (N.D. Cal.) (combined recovery of $14 million); *Markus, et al. v. The North Face, et al.*, 99-2-473 (D.C. Colo.) ($12.5 million recovery); *In re Brothers Gourmet Coffees, Inc. Sec. Litig.*, 95-8584-CIV-Ryskamp (C.D. Fla.) ($9 million recovery); *Anderson, et al. v. EFTC, et al.*, 98-CV-962 (County of Weld District Ct., Colo.) ($9 million recovery); *Sharma v. Insignia*, Case No. CV757058 (Super. Ct., Santa Clara County) ($8 million recovery); *In re Medeva Sec. Litig.*, 93-4376-KN(AJWx) (C.D. Cal.) ($6.75 million recovery); *In re Flir Systems Inc. Sec. Litig.*, CV-00-360-HA (D. Or.) ($6 million recovery); *In re Nike, Inc. Sec. Litig.*, Master File No. CV-01-332-KI (D. Or.) ($8.9 million recovery); *Hayley, et al. v. Parker, et al.*, No. CV-02-9721-RGK(PLAx) (D.C. Cal.) ($16 million recovery).

Mr. Solomon is a chair of two Sub-Committees of the American Bar Association – the Directors and Officers Liability Sub-Committee and the Accountants Liability Sub-Committee.

**JOSHUA H. VINIK** graduated with honors from the State University of New York at Oneonta in 1983 where he majored in Economics. He graduated *cum laude* from Brooklyn Law

School and was admitted to the New York State Bar in 1987. He was admitted to the United States District Court for the Southern and Eastern Districts of New York in 1988. Mr. Vinik clerked for Magistrate (now Judge) Carol B. Amon of the United States District Court for the Eastern District of New York. He is a member of the American Bar Association, the New York State Bar Association and the Association of the Bar of the City of New York.

**RANDI D. BANDMAN** is a partner at Milberg Weiss whose responsibilities include assisting in the management of the San Francisco office. Ms. Bandman received her Juris Doctor degree from the University of Southern California in 1989 and her Bachelor of Arts in English from the University of California at Los Angeles in 1986. Over the past eleven years, Ms. Bandman's practice at Milberg Weiss has focused on securities and consumer class actions in both state and federal court. She has represented shareholders of companies in industries as diverse as aircraft manufacturing, battery technology, and computer software. These cases, which yielded significant recoveries for the class, were against such companies as National Health Labs ($64 million); Sybase ($28.5 million); Unocal ($47.5 million); Sunrise Medical ($20 million); Valence ($20 million); Coeur d'Alene ($13 million); Wall Data ($11.25 million); Sonus Pharmaceuticals ($4 million); Cipher Data ($4.5 million); and StorMedia ($3.25 million). Ms. Bandman was recently responsible for running one of the largest class actions in the country over a four-year period against the Boeing Company which settled for more than $90 million. Ms. Bandman was also an early member of the team that directed the prosecution of the cases against the tobacco companies.

Using her extensive experience in asserting claims for injured investors, Ms. Bandman lectures and advises union and public funds both domestically and internationally on their options for seeking redress for losses due to fraud sustained in their pension portfolios. Ms. Bandman is currently interfacing with more than 17 cities and counties of California, the State of Montana and numerous other public and union funds, such as the United Food & Commercial Workers, Motion Picture Industry Plans, Screen Actors Guild Plans, Producer-Writer Guild Plans, Directors Guild of America Plans, Sheetmetal Workers, Air Conditioning & Refrigeration Industry, Operative Plasterers and Cement Masons, IBEW, Plumbers & Pipefitters, Plumbers & Steamfitters, Maintenance Employees, and Teamsters Funds, in coordinated actions against WorldCom's former executives, and underwriting banks for the issuance of billions of dollars of bonds based on allegedly false financial statements. Ms. Bandman is also representing shareholders in a class action against Vivendi Universal for allegedly

misrepresenting their financial crisis to investors while engaging in a multi-billion dollar acquisition spree.

Ms. Bandman has also served as a lecturer on numerous matters concerning securities litigation to attorneys for continuing legal education, as well as a panelist for the Practicing Law Institute. Ms. Bandman is also a member of the Board of Directors of the San Francisco Lawyers' Committee for Civil Rights.

**JOY ANN BULL** received her J.D., *magna cum laude*, from the University of San Diego in 1988. She was a member of the University of San Diego National Trial Competition Team and San Diego Law Review. Ms. Bull joined the firm in 1989 focusing on the litigation of complex securities and consumer class actions. Since 1995 Ms. Bull has specialized in negotiating and documenting complex settlement agreements and obtaining the required court approval of the settlements and payment of attorneys' fees. These settlements include: *In re Dole Shareholders' Litigation*, Lead Case No. BC281949 (L.A. Super Ct.) ($172 million case recovery plus injunctive relief); *Lindmark v. American Express*, Case No. 00-8658-JFW(CWx) (D.C. Cal.) ($38 million cash payment plus injunctive relief); *In re Disposable Contact Lens Antitrust Litigation*, MDL Docket No. 1030 (M.D. Fla.) (cash and benefits package over $90 million plus injunctive relief); *In re LifeScan, Inc. Consumer Litigation*, Master File No. C-98-20321-JF(EAI) (N.D. Cal.) ($45 million cash recovery); *In re Bergen Brunswig Corp. Sec. Litig.*, Master File No. SACV-99-1305-AHS(ANx) (C.D. Cal.) ($27.9 million cash recovery); *Hall v. NCAA*, No. 94-2392-KHV (D. Kan.) ($54.4 million cash recovery); *In re Glen Ivy Resorts, Inc.*, Case No. SD92-16083MG (Bk. Ct. C.D. Cal.) ($31 million cash recovery; and *In re Advanced Micro Devices Sec. Litig.*, Master File No. C-93-20662-RPA(PVT) (N.D. Cal.) ($34 million cash recovery).

**EDITH M. KALLAS** graduated from the Juilliard School in 1984 with a B.M. in music performance and from the Fashion Institute of Technology with an A.A.S., *summa cum laude*. She graduated with a J.D. from Benjamin N. Cardozo School of Law in 1987, where she was a member of the Moot Court Board. She was admitted to the New York State Bar in 1988, was admitted to the United States District Court for the Southern and Eastern Districts of New York in 1989 and 1990, respectively, and the United States Court of Appeals for the Sixth Circuit in 1992, the Second Circuit in 1995, and the Third Circuit in 1999. Ms. Kallas is a member of the Association of the Bar of the City of New York, the New York State Bar Association and the New York County Lawyers' Association.

**PAUL D. YOUNG** received his B.A. *magna cum laude* from Yale University in 1981. He was elected to Phi Beta Kappa and granted Distinction in the History Major. As a Fulbright Scholar, he studied at the Universität Bielefeld, Germany from 1981 to 1983. He graduated from Columbia University School of Law in 1986, where he was named a Harlan Fiske Stone Scholar. He is admitted to practice before the United States District Court for the Southern and Northern Districts of New York, the United States Court of Appeals for the First, Fourth, Fifth and Seventh Circuits and is a member of the New York City Bar Association.

**KATHERINE BLANCK RADSAN** born Columbia, Missouri, January 27, 1965; admitted to bar, 1990, California. Education: University of Missouri (B.J., *cum laude*, 1987); University of San Diego (J.D., 1990). Member, 1988-1990, and Associate Editor, 1989-1990, *San Diego Law Review*. Author: "Restricting the Use of Sound-Alikes in Commercial Speech," 26 San Diego Law Review 911 (1990).

**TRAVIS E. DOWNS III** received his B.A. in History, *cum laude*, from Whitworth College in 1985, and received his law degree from University of Washington School of Law in 1990. Mr. Downs specializes in securities class actions and shareholders' derivative actions. Since joining Milberg Weiss, he has been responsible for the prosecution and recovery of significant settlements in the following recent cases: *In re Informix Corp. Sec. Litig.*, No. C-97-1289-CRB (N.D. Cal.) ($135 million recovery); *In re MP3.com, Inc. Sec. Litig.*, No. 00-CV-1873-K(NLS) (S.D. Cal.) ($36 million recovery); *In re Conner Peripherals, Inc. Sec. Litig.*, No. C-95-2244-MHP (N.D. Cal.) ($26 million recovery); *In re Silicon Graphics, Inc. II Sec. Litig.*, No. 97-4362-SI (N.D. Cal.) ($20.3 million recovery); *In re J.D. Edwards Sec. Litig.*, No. 99-N-1744 (D. Colo.) ($15 million recovery); *In re Sony Corporation Sec. Litig.*, No. CV-96-1326-JGD(JGx) (C.D. Cal.) ($12.5 million recovery); *In re Veterinary Centers of America, Inc. Sec. Litig.*, No. 97-4244-CBM(MCx) (C.D. Cal.) ($6.75 million recovery); *In re JDN Realty Corp. Derivative Litig.*, No. 00-CV-1853 (N.D. Ga.) (obtained extensive corporate governance enhancements); *In re Hollywood Entertainment Corp. Sec. Litig.*, No. 95-1926-MA (D. Or.) ($15 million recovery); *In re Legato Systems, Inc. Derivative Litig.*, No. 413050 (San Mateo Cty. Superior Court) (obtained extensive corporate governance enhancements); *In re Flagstar Companies, Inc. Derivative Litig.*, No. 736748-7 (Alameda Cty. Superior Court) (obtained extensive corporate governance enhancements). Mr. Downs is a member of the Bar of the State of California and is also admitted to practice before the District Courts of the Central, Northern and Southern Districts of California. He is also a member of the American Bar Association and the San Diego

County Bar Association. Mr. Downs lectures and participates in professional education programs.

**WILLIAM C. FREDERICKS** graduated with High Honors from Swarthmore College in 1983 with a B.A. in political science, and earned his M. Litt. degree in International Relations from Oxford University (England) in 1988. In 1988 he also received his J.D. degree from Columbia University, where he was a three-time Harlan Fiske Stone Scholar, a Columbia University International Fellow, an articles editor of *The Columbia Journal of Transnational Law*, and the recipient of the Beck Prize in property law, the Toppan Prize in advanced constitutional law and the Greenbaum Prize for written advocacy. A panel chaired by Justice Antonin Scalia also awarded Mr. Fredericks the Gov. Thomas E. Dewey Prize for best final round oral argument in the 1988 Harlan Fiske Stone Moot Court Competition.

Prior to joining Milberg Weiss, Mr. Fredericks clerked for the Honorable Robert S. Gawthrop, III, of the United States District Court for the Eastern District of Pennsylvania from 1988-1989, followed by seven years as a litigation associate at Simpson Thacher & Bartlett, and Willkie Farr & Gallagher. Mr. Fredericks is admitted to practice before the courts of the State of New York and the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second, Sixth and Tenth Circuits. He is also a member of the Association of the Bar of the City of New York and chairs its Committee on Military Affairs and Justice.

**ALBERT H. MEYERHOFF** has specialized for nearly 30 years in labor, civil rights and environmental law. Prior to joining Milberg Weiss, he was first employed during the 1970s with California Rural Legal Assistance representing farm workers and the rural poor. These efforts included the landmark case of *CAAP v. Regents of the University of California*, challenging the use of public research funds to promote agricultural mechanization. He also litigated a host of state and federal civil rights cases involving racial discrimination in employment, voting and public education, including *Maria P. v. Riles*, invalidating a California statute excluding undocumented children from California schools. In 1981, Mr. Meyerhoff joined the Natural Resources Defense Council (NRDC), a national environmental organization, as Director of their Public Health Program. He specialized in litigation concerning toxic substances and occupational health and brought successful challenges to the continued use of cancer-causing pesticides (*Les v. Reilly*), the exclusion of women of "child-bearing age" from the workplace (*Love v. Thomas*) and the California Governor's failure to comply with

Proposition 65, an anti-toxics law (*AFL-CIO v. Deukmejian*). Mr. Meyerhoff testified more than 50 times before the U.S. Senate and House of Representatives, for example, in support of comprehensive pesticide reform legislation, enacted as the Food Quality Protection Act of 1996.

Mr. Meyerhoff has authored numerous articles for scholarly and general publications, including the Stanford Law Review, EPA Journal, Environmental Law Quarterly, The New York Times, The Washington Post and Los Angeles Times; has appeared regularly on such programs as CBS News 60 Minutes, ABC 20/20, NBC Dateline, Good Morning America, The Today Show and The NewsHour with Jim Lehrer; and has been an invited speaker at the Harvard Business School, the National Academy of Sciences, the American Academy of Sciences and the AFL-CIO.

Since joining Milberg Weiss in 1998, Mr. Meyerhoff has been lead counsel in several labor and environmental cases, including *UNITE v. The Gap*, contesting the sale of garments manufactured under sweatshop conditions in the Commonwealth of the Mariana Islands, and *Tri State Express v. Cummins*, involving the use of "defeat devices" in large scale diesel engines in violation of the Clean Air Act.

Mr. Meyerhoff received his Bachelor of Arts degree from the University of Connecticut in 1969 and his Juris Doctor from Cornell Law School in 1972. He serves as a member of the Sierra Club Board of Trustees and the editorial board of Mother Jones magazine.

**JANINE L. POLLACK** graduated from Rutgers University with high honors in 1986 with a Bachelor of Arts, majoring in English and French. While at Rutgers, she was elected a member of Phi Beta Kappa. She also spent a semester studying at New York University in France. Ms. Pollack graduated from the University of Pennsylvania Law School in 1989, and was a member of the *Journal of International Business Law*. She was admitted to the New York State Bar in 1990. She was also admitted to the New Jersey State Bar in 1989, as well as the U.S. District Court for the District of New Jersey. In 1990, Ms. Pollack was admitted to the U.S. District Court for the Southern and Eastern Districts of New York. She is a member of the American Bar Association.

**DARREN J. ROBBINS** received his Bachelor of Sciences and Master of Arts degrees in Economics from the University of Southern California in 1990. Mr. Robbins graduated from Vanderbilt Law School in 1993, where he served as the Managing Editor of the *Vanderbilt Journal of Transnational*

*Law.* Prior to joining Milberg Weiss in 1994, Mr. Robbins was associated with O'Melveny & Myers.

Mr. Robbins oversees Milberg Weiss's West Coast merger and acquisition practice. Mr. Robbins has extensive experience in federal and state securities class action litigation. Mr. Robbins was one of the lead counsel appointed in the *In re Prison Realty Sec. Litig.* ($120+ million recovery) and *In re Dollar General Sec. Litig.* ($172.5 million recovery). Mr. Robbins currently represents public pension funds, private investment funds and individual investors in securities actions in state and federal courts across the country, including The Regents of the University of California in the *Enron* litigation and numerous public pension funds in the *WorldCom* bond litigation.

Mr. Robbins is a frequent speaker at conferences and seminars concerning securities matters and shareholder litigation across the country.

**BONNY E. SWEENEY** received her Bachelor of Arts degree from Whittier College in 1981 and a Master of Arts degree from Cornell University in 1985. She graduated *summa cum laude* from Case Western Reserve University School of Law in 1988, where she served as an editor of the Law Review and was elected to the Order of the Coif. She is a member of the Executive Committee of the Antitrust and Unfair Competition Section of the California State Bar.

Before joining the firm in 1996, Ms. Sweeney practiced in the Litigation Department of the Boston law firm of Foley, Hoag & Eliot. Since joining Milberg Weiss, Ms. Sweeney has specialized in antitrust litigation, and has participated in the prosecution of several antitrust cases that have resulted in significant settlements, including *In re NASDAQ Market–Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.), which settled for $1.027 billion in 1997, the largest antitrust settlement ever, and *In re Airline Ticket Commission Antitrust Litigation*, MDL No. 1058 (D. Minn.), which settled for more than $85 million in 1996. Ms. Sweeney was also one of the trial counsel for a class of coaches in *Hall v. NCAA*, No. 94-2392-KHV (D. Kan.), an antitrust class action that resulted in a $67 million jury verdict in three consolidated cases after a three-week trial.

Ms. Sweeney is admitted to practice in California and Massachusetts, and is a member of the Antitrust Section of the American Bar Association, the Antitrust and Unfair Competition Section of the California Bar Association and the San Diego County Bar Association.

**TIMOTHY G. BLOOD** graduated *cum laude* with honors in economics from Hobart College in 1987 and the National Law Center of George Washington University in 1990. He was elected to Phi Beta Kappa, Omicron Delta Epsilon (economics) and the Moot Court Board (first year honors).

Mr. Blood began his legal career practicing commercial litigation. Since joining Milberg Weiss, Mr. Blood has specialized in consumer fraud and unfair competition litigation with a sub-specialty in actions brought by policyholders against life and property and casualty insurers for deceptive sales practices, racial discrimination and systematic failures in claims adjustment. Mr. Blood has been involved in a number of cases that have resulted in significant settlements, including *McNeil v. American General Life & Accident Insurance Company* ($215 million), *Lee v. USLife Corporation* ($148 million), *Garst v. Franklin Life Insurance Company* ($90.1 million), *In re General American Sales Practices Litigation* ($67 million), and *Williams v. United Insurance Company of America* ($51.4 million).

Mr. Blood is admitted to practice in California and in the U.S. Court of Appeals for the Fifth, Sixth, Eighth, Ninth and Eleventh Circuits and the U.S. District Courts for the Southern, Central and Northern Districts of California. He is a member of the San Diego County and American Bar Associations, the State Bar of California, the Association of Business Trial Lawyers, the Association of Trial Lawyers of America and the Consumer Attorneys of California.

**SPENCER A. BURKHOLZ** received his B.A. degree in Economics, *cum laude*, from Clark University in 1985, where he was elected to Phi Beta Kappa, and received his law degree from University of Virginia School of Law in 1989. Mr. Burkholz specializes in securities class actions. Since joining Milberg Weiss, he has recovered settlements in the following recent cases: *3Com* ($259 million); *Vesta Insurance* ($78 million); *Samsonite* ($24 million); *Mossimo* ($13 million); *Triteal* ($13.8 million); *Price Company* ($15 million); *Stratosphere Corp.* ($9 million); and *IMP* ($9.5 million).

**KIRK E. CHAPMAN** graduated *cum laude* from Harvard University in 1985 with a B.A. degree in Biochemistry. He received his J.D. in 1989 at the University of Chicago where he was a member of the Legal Forum. He is admitted to practice in the Courts of the State of New York as well as the United States District Court for the Southern and Eastern Districts of New York.

**EDWARD P. DIETRICH** born White Plains, New York, October 14, 1961; admitted to bar, 1987, New York; 1989,

U.S. District Court, Southern and Eastern Districts of New York; 1994, U.S. District Court, Northern District of California; 1995, California and U.S. District Courts, Central District of California; 1997, U.S. District Court, Southern and Eastern Districts of California, U.S. District Court, District of Arizona and U.S. Court of Appeals, Ninth Circuit. Education: Skidmore College (B.A., 1983), Phi Beta Kappa; George Washington University (J.D., 1986). Omicron Delta Kappa. Member, Moot Court Board.

**SALVATORE J. GRAZIANO** graduated from New York University College of Arts and Science in 1988 *cum laude* with a B.A. in psychology, with honors, and thereafter received his J.D. *cum laude* from New York University School of Law in 1991. Upon graduation from law school, he served as a Trial Assistant in the New York County District Attorney's Office for three and one half years. He was admitted to practice in the New York State Bar in 1992, before the U.S. District Courts for the Southern and Eastern Districts of New York in 1995 and the Court of Appeals for the Second Circuit in 1999. He is a member of the New York City Bar Association.

**G. PAUL HOWES** received his B.A. with distinction from the University of New Mexico, was elected to Phi Beta Kappa and Phi Kappa Phi, and was the tympanist for the New Mexico Symphony Orchestra. He received his J.D. and M.A. in Public Administration from the University of Virginia. He served as a Special Assistant to the Director of the FBI, Judge William H. Webster, and then as a law clerk to Judge Roger Robb, United States Circuit Court of Appeals for the District of Columbia Circuit. He was an ABC News correspondent for the Washington Bureau and then served for 11 years as an Assistant United States Attorney for the District of Columbia, primarily prosecuting complex drug-organization homicides. He is a member of the New Mexico, District of Columbia, and California bars.

**FRANK J. JANECEK, JR.** received his Bachelor of Science degree in Psychology from the University of California at Davis in 1987, and his Juris Doctor degree from Loyola Law School in 1991. He is admitted to the bar of the State of California, the District Courts for all Districts California, and to the United States Court of Appeals for the Sixth, Ninth and Eleventh Circuits. Mr. Janecek has been with Milberg Weiss since 1993 and practiced in the area of consumer, Proposition 65, taxpayer and tobacco litigation. He has participated as a panelist and a speaker in continuing legal education programs relating to California's Unfair Competition laws, public enforcement tobacco litigation and challenging unconstitutional taxation schemes.

Mr. Janecek has litigated several Proposition 65 actions, including *People ex. rel. Lungren v. Superior Court*, 14 Cal. 4th 294 (1996), which was jointly prosecuted with the Attorney General's office. These actions have resulted in the recovery of more than $10 million in disgorgement and /or civil penalties and warnings to consumers of their exposure to cancer causing agents and reproductive toxins. Mr. Janecek chaired several of the litigation committees in California's tobacco litigation which resulted in the $25.5 billion recovery for California and its local entities. Mr. Janecek also handled a constitutional challenge to the State of California's Smog Impact Fee, in the case *Ramos v. Department of Motor Vehicles*, Sacramento Sup. Ct. Case No. 95AS00532. As a result of the *Ramos* litigation, more than a million California residents received full refunds, plus interest, totaling $665 million.

Mr. Janecek is the co-author with Patrick J. Coughlin of "A Review of R.J. Reynolds' Internal Documents Produced in *Mangini v. R.J. Reynolds Tobacco Co.*, Civil No. 939359 – The Case that Rid California and the American Landscape of "Joe Camel" (January 1998), which, along with more than 60,000 internal industry documents, was released to the public through Congressman Henry Waxman. He is also the author of "California's Unfair Competition Act and Its Role in the Tobacco Wars" (Fall 1997). Mr. Janecek is a member of the American Bar Association, the California Bar Association, the San Diego County Bar Association and the Consumer Attorneys of California and San Diego.

**ARTHUR C. LEAHY** graduated with a B.A. in Business from Point Loma College in 1987. In 1990, Mr. Leahy graduated *cum laude* and received a J.D. from the University of San Diego School of Law, where he served as Managing Editor of the Law Review. While in law school, Mr. Leahy authored an article published in the San Diego Law Review and other articles published in another Law Journal. In addition, he served as a judicial extern for the Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit. After law school, Mr. Leahy served as a judicial law clerk for the Honorable Alan C. Kay of the United States District Court for the District of Hawaii.

Since joining Milberg Weiss in 1996, Mr. Leahy has worked on securities fraud and consumer class actions in which his clients have recovered millions of dollars. Mr. Leahy is a member of the California Bar, and has been admitted in numerous federal courts throughout the country.

**J. DOUGLAS RICHARDS** earned his B.A. in 1977 from the University of Chicago, majoring in Economics, and earned his

J.D. in 1981 from Harvard Law School. Before joining Milberg Weiss in June 2000, he served for nearly three years as Deputy General Counsel of the Commodity Futures Trading Commission (CFTC) in Washington, D.C. Before joining the CFTC, he was a litigator for more than 12 years with O'Sullivan Graev & Karabell, LLP in New York; first as a litigation associate, from 1985-89, and then as a litigation partner from 1989 to October 1997 when he left to join the CFTC. From 1981 to 1985, he was a litigation associate with Cahill Gordon & Reindel in New York.

An experienced commercial litigator with a particularly extensive background in litigation stemming from mergers, acquisitions, and corporate finance transactions, Mr. Richards is admitted to practice before the United States Supreme Court; the U.S. Court of Appeals for all Circuits except the First Circuit; the U.S. District Courts for the Southern, Eastern, Northern and Western Districts of New York; and all New York State Courts. He is a member of the Association of the Bar of the City of New York, the New York State Bar Association (Commercial and Federal Litigation Section, Committee on Civil Practice Law and Rules) and a member of the Federal Bar Council.

**SANFORD SVETCOV** joined the Appellate Practice Group at Milberg Weiss as a partner in July 2000. He has briefed and argued more than 300 appeals in state and federal court, including *Braxton v. Municipal Court*, 10 Cal. 3d 138 (1973) (First Amendment); *Procunier v. Navarette*, 434 U.S. 555 (1977) (civil rights); *Parker Plaza v. UNUM Insurance*, 941 F.2d 349 (5th Cir. 1991) (real estate); *Catellus v. U.S.*, 34 F.3d 748 (9th Cir. 1994) (CERCLA); *U.S. v. Hove*, 52 F.3d 233 (9th Cir. 1995) (criminal law); *Kelly v. City of Oakland*, 198 F.3d 779 (9th Cir. 1999) (employment law, same gender sexual harassment); *United States v. Henke*, 222 F.3d 633 (9th Cir. 2000) (securities fraud); *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209 (11th Cir. 2001) (civil rights); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) (securities fraud).

Mr. Svetcov's professional appellate litigation experience includes securities fraud litigation, CERCLA, CEQA, commercial litigation, Clean Water Act, Civil Rights Act litigation, toxic torts, federal criminal law, California writ practice, employment law and ERISA.

Prior to joining Milberg Weiss, Mr. Svetcov was a partner with the firm of Landels Ripley & Diamond, LLP, in San Francisco, from 1989 to 2000. His extensive legal experience includes service as: Chief, Appellate Section, United States Attorney's Office, San Francisco, 1984-1989; Attorney-in-Charge, Organized Crime Strike Force, San Francisco, 1981-1984; Chief Assistant U.S. Attorney, San Francisco, 1978-1981;

Deputy Attorney General, State of California, 1969-1977; Legal Officer, U.S. Navy, VT-25, Chase Field, Beeville, Texas, 1966-1969; and Deputy Legislative Counsel, Legislature of California, Sacramento, 1965-1966.

Mr. Svetcov is certified as a Specialist in Appellate Practice by the State Bar of California Board of Legal Specialization. He was selected by the Attorney General for the Department of Justice's John Marshall Award for Excellence in Appellate Advocacy in 1986 and is a member and past President (1998) of the American Academy of Appellate Lawyers, and a member of the California Academy of Appellate Lawyers.

In 1999, Chief Justice Rehnquist appointed Mr. Svetcov to a three-year term on the Federal Appellate Rules Advisory Committee. He is also an ex-officio member of the Ninth Circuit Rules Advisory Committee on Rules and Internal Operating Procedures. His other memberships and service commitments to the legal profession include the California Academy of Appellate Lawyers; the Bar Association of San Francisco (Appellate Courts section); the American Bar Association (Appellate Judges Conference) Committee on Appellate Practice; Northern California Federal Bar Association, Board of Directors.

Mr. Svetcov earned his B.A., *cum laude*, from Brooklyn College in 1961 and his J.D. from the University of California, Berkeley, in 1964. He is a member of the Bars of the State of California; the United States Supreme Court; the Court of Appeals, Fifth, Eighth, Ninth and Eleventh Circuits; and the United States District Court, Northern District of California.

For two decades, he as been active as a teacher and lecturer at continuing legal education programs, including those of the ABA Appellate Practice Institutes (1990-2000); the Ninth Circuit Federal Bar Association Appellate Practice Seminar; and the N.I.T.A. Appellate Advocacy Seminar, and Fifth Circuit Bar Association Appellate Practice Seminars (1991-1999). He has served as an adjunct professor at Hastings College of Law and an instructor in Appellate Advocacy at the U.S. Attorney General's Advocacy Institute (1980-1989).

Sandy Svetcov is also active in community affairs. He has been a member of the San Francisco Jewish Community Relations Council since 1982, its president from 1991-1992, and during the years 1993-1995, he also served on the Northern California Hillel Council.

**RANDALL J. BARON** was born in Albuquerque, New Mexico in 1964. Mr. Baron received his B.A. from University of Colorado at Boulder in 1987 and his J.D. *cum laude* from University of San Diego School of Law in 1990. He was a

member of the San Diego Law Review from 1988-1989. Mr. Baron was admitted to the California Bar in 1990 and the Colorado Bar in 1993. Since 1997, Mr. Baron is licensed to practice in Colorado State Court as well as the U.S. District Court for the Southern, Northern and Central Districts of California, as well as the District of Colorado. Prior to joining Milberg Weiss, Mr. Baron served as a Deputy District Attorney in Los Angeles County. From 1990-1994, he was a trial deputy in numerous offices throughout Los Angeles County, where he tried over 70 felony cases. From 1990-1994, Mr. Baron was part of the Special Investigation Division of the Los Angeles District Attorneys office where he investigated and prosecuted public corruption cases. Since joining Milberg Weiss in 1997, Mr. Baron has specialized in securities litigation and actions for breach of fiduciary duty.

**MICHAEL M. BUCHMAN** was born in Newport, Rhode Island in 1964. Mr. Buchman received his B.A. *cum laude* from Alfred University in 1988, his J.D. from The John Marshall Law School in 1992, and in 1993, his LL.M. in International Antitrust and Trade Law from Fordham Law School. Mr. Buchman was the author of "What's In A Name? - The Diversity Death Knell for Underwriters of Lloyd's of London and Their Names," *International Insurance Law Review*, October, 1996.

Prior to joining Milberg Weiss, Mr. Buchman served as Assistant Attorney General for the New York State Department of Law - Antitrust Bureau. He was admitted to the New York and Connecticut Bars in 1993 and is licensed to practice in the U.S. District Courts for the Southern and Eastern Districts of New York, the District of Connecticut, the U.S. Court of Appeals, Second Circuit, and the U.S. Court of International Trade.

**MICHAEL J. DOWD** graduated from Fordham University, *magna cum laude*, in 1981 with a B.A. in History and Latin. While at Fordham, he was elected to Phi Beta Kappa. He earned his law degree in 1984 from the University of Michigan School of Law and joined Thacher Proffitt & Wood in New York as an associate that same year.

Mr. Dowd served as an Assistant United States Attorney in the Southern District of California from 1987-1991 and again from 1994-1998. He is a recipient of the Director's Award for Superior Performance as an Assistant U.S. Attorney. Mr. Dowd first joined Milberg Weiss in 1993 and returned to the firm in 1998. He was admitted to practice in New York in 1985 and in California in 1988.

**JEFFREY W. LAWRENCE** received his B.A. *magna cum laude* from Tufts University in 1976. In 1979, Mr. Lawrence graduated *magna cum laude* with a J.D. from Boston School of Law. He was a staff member of the *Boston University Law Review* from 1977-78, and its editor from 1978-79.

From September 1979 to September 1980, Mr. Lawrence served as law clerk to the Honorable Walter Jay Skinner, United States District Court, District of Massachusetts. He was admitted to the Massachusetts bar in 1979, and to the Bar of California in 1991. He is licensed to practice before the U.S. Court of Appeals, First and Ninth Circuits, the United States District Court, District of Massachusetts, and the Northern District of California.

From 1983 to 1994, Mr. Lawrence was an Assistant United States Attorney, Criminal Division, where he obtained extensive trial experience in white collar crimes, ranging from money-laundering to stock fraud. He joined Milberg Weiss in 1996.

**HENRY ROSEN**: Recruiting Partner. Mr. Rosen obtained his B.A. in 1984 from the University of California, after attending American College in Paris. In 1988, Mr. Rosen received his J.D. from the University of Denver, where he was Editor-in-Chief for the *University of Denver Law Review*. Mr. Rosen served as Judicial Law Clerk to the Honorable Jim R. Carrigan, U.S. District Court, District of Colorado, from 1989 to 1990. He is a member of the firm's Hiring Committee and is also a member of the firm's Technology Committee which focuses on applications to digitally manage documents produced during litigation and internally generate research files.

Mr. Rosen has over 12 years of experience prosecuting securities fraud actions on behalf of individual clients and investor classes. Major clients include Minebea Co., Ltd., a Japanese manufacturing company, represented in a securities fraud arbitration against a U.S. investment bank. Mr. Rosen has significant experience prosecuting every aspect of securities fraud class actions and has obtained hundreds of millions of dollars on behalf of defrauded investors. Prominent cases include: *In re Storagetek Sec. Litig.*, Case No. 92-B-750 (D. Colo.); *In re Access HealthNet Sec. Litig.*, Case Nos. SACV-96-1250-GLT(EEx) and No. SACV-97-191-GLT(EEx) (C.D. Cal.); *In re Valence Sec. Litig.*, Master File No. C-95-20459-JW(EAI) (N.D. Cal.); *In re J.D. Edwards Sec. Litig.*, Civil Action No. 99-N-1744 (D. Colo.); *In re Bergen Brunswig Sec. Litig. and Bergen Brunswig Capital Litig.*, Master File No. SACV-99-1462-AHS(ANx) (C.D. Cal.); *In re Advanced Lighting Sec. Litig.*, Master File No. 1:99CV8936 (N.D. Ohio);

and *In re Safeskin Sec. Litig.*, Lead Case No. 99cv454-BTM(LSP) (S.D. Cal.).

Mr. Rosen is admitted to the California bar (1991) and the Colorado bar (1988). He is a member of the State Bar of California, the American Bar Association (Litigation Section), the Association of Trial Lawyers of America, the California Trial Lawyers of America, California Trial Lawyers Association and the San Diego Trial Lawyers Association.

**ARIANA J. TADLER** graduated from Hamilton College in 1989 with a Bachelor of Arts degree. In 1992, she received her J.D. from Fordham University School of Law, where she was Articles and Commentary Editor of the Fordham Urban Law Journal, a member of the Moot Court Board and the recipient of the American Jurisprudence Award in Criminal Law. She is co-author of "Damages in Federal Securities Litigation," *Securities Litigation 1991: Strategies and Current Developments*, Practicing Law Institute, 1991. Ms. Tadler is admitted to the bars of the States of New York and New Jersey. She is a member of the New York State Bar Association and the American Bar Association.

**DAVID C. WALTON** earned his B.A. in Accounting from the University of Utah and his J.D. from the University of Southern California Law Center in 1993. While there, he was a staff member of the *Southern California Law Review* and a member of the Hale Moot Court Honors Program.

Mr. Walton joined Milberg Weiss in April 1994. He is a member of the Bar of California. Mr. Walton, a Certified Public Accountant (California 1992) and Certified Fraud Examiner, who is also fluent in Spanish, focuses on class actions on behalf of defrauded investors, particularly in the area of accounting fraud. He has investigated and participated in the litigation of many large accounting scandals, including Enron, WorldCom, Informix and Dollar General. Mr. Walton was recently appointed to the California Board of Accountancy which is responsible for regulating the accounting profession in California.

**LEE A. WEISS** earned his undergraduate degree from Emory University in 1988 and his J.D., with honors, from George Washington University in 1991. He is a member of the American Bar Association, the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

In addition to his work on securities and consumer class actions, Mr. Weiss recently tried a federal civil rights action,

on a *pro bono* basis, on behalf of a prison inmate who was involved in a violent altercation with several prison guards.

**LAURA ANDRACCHIO** graduated from Bucknell University with a Bachelor of Arts degree in 1986, and obtained her law degree, with honors, from Duquesne University School of Law in 1989. While at Duquesne, Ms. Andracchio was elected to the Order of Barristers and served on the Moot Court Board. Upon graduating, Ms. Andracchio received outstanding achievement awards and was named a McCardle Wall honoree at Duquesne Law School in recognition of her participation in the national Samuel J. Polsky Appellate Moot Court competition, in which she placed as a finalist, and in the regional Gourley Cup Trial Moot Court competition.

Prior to joining Milberg Weiss in 1997, Ms. Andracchio practiced general litigation with the law firm of Manion McDonough & Lucas in Pittsburgh, Pennsylvania. Since joining Milberg Weiss, she has specialized in securities fraud litigation and has prosecuted and managed over twenty federal and state securities class actions in which millions of dollars have been recovered on behalf of the plaintiff class. Ms. Andracchio is a member of the California and Pennsylvania state bars and the bars of the Southern, Central and Northern Districts of California and the Western District of Pennsylvania.

**LORI G. FELDMAN,** a member of the firm, protects the rights of shareholders in federal and state courts across the nation. She is admitted to the Bars of the States of Washington and New York and her daily responsibilities include managing the firm's Seattle practice.

Ms. Feldman was recently named a 2003 "Rising Star of Washington Law" by her fellow practitioners in Seattle. Rising Stars are considered to be Washington's top young lawyers.

In addition to lecturing frequently on class action practice, she now serves as Co-Chair of the Continuing Legal Education Committee of the Federal Bar Association of the Western District of Washington.

Ms. Feldman is currently representing shareholders in litigation involving, among others, Amazon.com (W.D. Wash.), Cutter & Buck (W.D. Wash.), Touch America (D. Montana), SpectraLink Corporation (D. Colo.) and Acceptance Insurance (D. Neb.). She recently assisted in recovering millions of dollars for class members in litigation involving InaCom (D. Del.), Secure Computing (N.D. Cal.) and Micro Focus (N.D. Cal.).

She graduated with high honors from Albany Law School of Union University, where she served as an Editor of the *Albany Law Review*. Ms. Feldman attended the State University of New York at Albany, where she graduated *magna cum laude*.

**CLIFFORD S. GOODSTEIN** earned his undergraduate degree from Harvard University (A.B., 1988) and his law degree from New York University (J.D., 1993). After graduation, he served as a law clerk to the Honorable Alex T. Howard, Jr., Chief Judge of the United States District Court for the Southern District of Alabama, and then as an associate at Reboul, MacMurray, Hewitt, Maynard & Kristol and Baker & Botts prior to joining Milberg Weiss in January of 1998. Mr. Goodstein is a member of the bars of New York and New Jersey.

Mr. Goodstein works on a variety of actions on behalf of classes as well as individuals in the consumer fraud, securities, antitrust, health care, and other areas.

**JOHN K. GRANT** was born in Provo, Utah in 1961. Mr. Grant received his B.A. from Brigham Young University in 1988 and his J.D. from the University of Texas at Austin in 1990. Mr. Grant was admitted to the California bar in 1994.

**KATHLEEN A. HERKENHOFF** received a Bachelor of Arts in English Literature from the University of California at Berkeley in 1989, and received a law degree from Pepperdine University School of Law in 1993. While at Pepperdine, she received American Jurisprudence Awards in Constitutional Law and Agency-Partnership Law. After graduation from Pepperdine and prior to joining Milberg Weiss, Ms. Herkenhoff was an enforcement attorney with the United States Securities and Exchange Commission. Ms. Herkenhoff is a 1993 admittee to the State Bar of California and has been admitted to practice before the United States District Courts for the Northern, Central, Eastern and Southern Districts of California. Since joining Milberg Weiss, Ms. Herkenhoff has successfully prosecuted several complex securities class actions, most recently obtaining a $122 million settlement against Mattel, Inc. and several of its former officers and directors (court approval of settlement pending).

**ELAINE S. KUSEL** attended Boston University where she graduated in 1987 with degrees in economics and international relations. After college Ms. Kusel spent eight years working in the U.S. House of Representatives where she eventually served as Legislative Director and Counsel to a Member of Congress from N.Y. While working full time, Ms. Kusel attended the George Washington University law school as a full time student. She received her degree in May 1994 and was admitted to the New York State Bar in February 1995. Admission to the District Court for the Eastern District of New York is currently pending.

**STEVEN W. PEPICH** received his B.S. in Economics from Utah State University in 1980 and his J.D. from De Paul University in 1983. Mr. Pepich is admitted to practice before the Courts of California and the District Court for the Southern, Central, Eastern and Northern Districts of California. Since joining Milberg Weiss, Mr. Pepich has been engaged in a wide variety of civil litigation, including consumer fraud, mass tort, royalty, civil rights, human rights, ERISA and employment law actions, as well as many securities and corporate litigations. He was part of the plaintiffs' trial team in *Mynaf v. Taco Bell Corp.*, which settled after two months of trial on terms favorable to two plaintiff classes of restaurant workers, for recovery of unpaid wages. He was also a member of the plaintiffs' trial team in *Newman v. Stringfellow* where, after a nine-month trial in Riverside, California, all claims for exposure to toxic chemicals were ultimately resolved for $109 million. Mr. Pepich has also participated in the successful prosecution of numerous securities fraud class actions, including *Gohler v. Wood*, No. 92-C-181 ($17.2 million recovery); *In re Advanced Micro Devices Sec. Litig.*, No. C-93-20662 ($33 million recovery); *In re Catalyst Semiconductor Sec. Litig.*, No. C-93-2096 ($15 million recovery); *In re Gupta Corporation Sec. Litig.*, No. C-94-1517 ($6 million recovery); *In re Louisiana-Pacific Corporation Sec. Litig.*, No. C-95-707 ($65 million recovery); and *In re Boeing Sec. Litig.*, No. C-97-1715Z ($92 million recovery). Mr. Pepich is a member of the American Bar Association, the San Diego Bar Association and the Association of Business Trial Lawyers of San Diego. Mr. Pepich co-authored with William S. Lerach "Personal Liability Considerations of Officers and Directors in the Takeover Context," CEB, Business Law Institute, April 1986, and "New Diligence Considerations in the Context of the Federal Securities Laws," CEB Fourth Annual Securities Institute, May 1986.

**DANIEL B. SCOTTI** was admitted to the California bar in 1993 and licensed to practice before the U.S. District Court for the Central District of California. In 1996, Mr. Scotti was licensed to practice in New York, New Jersey, Illinois and the U.S. District Court for the Northern District of Illinois.

Mr. Scotti received a B.B.A. in Finance from George Washington University (1990), a J.D. from Southwestern University School of Law (1993), and an LL.M. in Securities Regulation from the Georgetown University Law Center (1994). He was the recipient of American Jurisprudence

Awards in both Criminal Law and Legal Writing. Prior to joining Milberg Weiss, Mr. Scotti was an associate at Ungaretti & Harris and an in-house attorney for Prudential Securities Incorporated.

**RANDALL H. STEINMEYER** earned his undergraduate degree from the University of Southern California (B.S., 1993) and his law degree from Hamline University School of Law (J.D., 1996 *cum laude*), where he was a member of the Hamline Law Review. He is the author of "The Interrelationship Between NASD Arbitrations and NASD Disciplinary Proceedings," 281 Practicing Law Institute (1998). Prior to joining Milberg Weiss in July of 1999, Mr. Steinmeyer was an associate with the St. Paul, Minnesota office of Reinhardt & Anderson. Mr. Steinmeyer is a member of the bar of Minnesota and the United States District Court for the District of Minnesota. Mr. Steinmeyer is a former securities broker and held a Series 7 licence with the National Association of Securities Dealers.

Mr. Steinmeyer focuses on class actions on behalf of defrauded investors. Prior to joining the firm Mr. Steinmeyer was appointed lead counsel in several large and complex class actions which resulted in the recovery of millions of dollars for aggrieved investors. Mr. Steinmeyer's reported cases include: *Ganesh LLC v. Computer Learning Centers*, 1998 WL 892622 (E.D. Va. 1998); *Gart v. Electroscope*, 1998 WL 757970 (D. Minn. 1998); *Chill v. Green Tree Financial, Inc.*, 181 F.R.D. 398 (D. Minn. 1998); and *In re Transcrypt Int'l Secs. Litig.*, 1999 U.S. Dist. LEXIS 17540, (D. Neb. 1999).

**MICHELLE M. CICCARELLI** earned her undergraduate degree from Angelo State University (B.A. 1990) and her law degree from the University of Kentucky (J.D. 1993). After completing a clerkship with the Honorable Sara Walter Combs, Kentucky Court of Appeals, she began her practice in the area of employment litigation. A regular lecturer for the Kentucky Cabinet for Economic Development (1995-97), she co-authored "Wage and Hour Update" (Lorman, 1998) and co-edited the Kentucky Employment Law Letter (Feb. & Sept. 1998). She is the author of "Improving Corporate Governance through Litigation Settlements" (Corporate Governance Review, 2003) and current editor of "Corporate Governance Bulletin" & "Taking Action – Fighting Corporate Corruption."

Ms. Ciccarelli represents workers, consumers and shareholders in a broad range of complex litigation-class actions for fraudulent business practices, human rights abuses, labor and employment violations, and derivative litigation for breaches of fiduciary duties by corporate officers aznd directors. She is a member of the California (1993) and Kentucky (1994)

bars, and is admitted to practice before the United States District Courts for all districts in both jurisdictions, as well as the Sixth Circuit Court of Appeals.

**PATRICK W. DANIELS** earned his undergraduate degree from the University of California, Berkeley (B.A., cum laude, 1993) and his law degree from the University of San Diego School of Law (J.D., 1997). He is the author of "The Capital Formation and Securities Fraud Enforcement Act of 1996: Historic and Economic Perspectives," Joint Interim Hearing, California State Senate Finance, Investment and International Trade and Assembly Banking and Finance Committees, Information Hearing Final Report, at 393 (1997). Admitted to practice: California, 1997.

Mr. Daniels represents workers, consumers and shareholders in a broad range of complex litigation - class actions for fraudulent business practices, human rights abuses, and shareholder actions for defrauded investors. Mr. Daniels represents a number of international public and Taft-Hartley pension funds in securities fraud and individual actions involving Enron, WorldCom and AOL Time Warner, among many other actions, and has been a featured speaker at pension fund conferences in the U.S., Europe, the South Pacific and Australia.

In the human rights area, Mr. Daniels was a member of an international coalition of attorneys and human rights groups who won an historical settlement with major U.S. clothing retailers and manufacturers, including The Gap, Target Corporation and J.C. Penney, on behalf of a certified class of over 50,000 predominantly female Chinese garment workers on the island of Saipan in an action seeking to hold the Saipan garment industry responsible for creating a system of indentured servitude and forced labor in Saipan garment factories. The coalition obtained an agreement for supervision of working conditions in the Saipan factories by an independent NGO, as well as a substantial monetary award for the workers.

Mr. Daniels is also one of the lead attorneys in historic class action litigation on behalf of U.S. POWs and Chinese and Korean civilians against Japanese corporations that used slave and forced labor during WWII.

**THOMAS E. EGLER** was born in Pittsburgh, Pennsylvania in 1967. Mr. Egler received his B.A. from Northwestern University in 1989. Mr. Egler received his J.D. in 1995 from Catholic University of America, Columbus School of Law, where he served as Associate Editor for Catholic University Law Review from 1994-1995. From 1995-1997, Mr. Egler was

Law Clerk to the Honorable Donald E. Ziegler, Chief Judge, U.S. District Court, Western District of Pennsylvania.

Mr. Egler was admitted to the California bar in 1995 and the Pennsylvania bar in 1996. He is admitted to practice before the U.S. District Courts for the Western District of Pennsylvania, the Northern, Southern and Central Districts of California, and the U.S. Court of Appeals for the Third and Eleventh Circuits.

**KIMBERLY C. EPSTEIN** graduated with a Bachelor of Science in Business Administration from California State University at Hayward in 1988. She attended University of San Francisco School of Law where she was a joint J.D./MBA degree candidate. She obtained her *Juris Doctorate* in 1993. Ms. Epstein was admitted to the California bar in 1993 and has practiced predominately in the area of securities litigation with some antitrust experience. She is licensed to practice in the state of California and before the U.S. District Courts in Northern California and Arizona, and the U.S. Court of Appeals, Ninth Circuit.

**RACHEL S. FLEISHMAN** graduated from New York University in 1989 with a B.A. in Politics. She received her J.D. from St. John's University School of Law, *cum laude*, in 1992. Ms. Fleishman was an Articles Editor of the *St. John's Law Review* and the recipient of American Jurisprudence Awards in Torts, Civil Procedure, Legal Writing, Evidence and Federal Practice. Ms. Fleishman is a former law clerk to United States District Court Judge for the Southern District of New York Jed S. Rakoff. Prior to joining Milberg Weiss, Ms. Fleishman was associated with the law firms Dewey Ballantine and Fried, Frank, Harris, Shriver & Jacobson, where her practice focused on securities litigation, white collar crime and complex commercial litigation. Ms. Fleishman is admitted to practice in the state of New York and before the federal courts in the Southern, Eastern and Northern Districts of New York and the Sixth Circuit Court of Appeals. At Milberg Weiss, Ms. Fleishman practices principally in the area of securities litigation.

**TOR GRONBORG** was born in Portland, Oregon in 1969. Mr. Gronborg received his B.A. in 1991 from the University of California at Santa Barbara and was a recipient of an AFL-CIO history scholorship. In 1992, Mr. Gronborg did graduate work in international relations and strategic security at the University of Lancaster, UK on a Rotary International Fellowship. Mr. Gronborg received his J.D. from Boalt Hall at the University of California at Berkeley where he was a member of the Moot Court Board.

Mr. Gronborg was admitted to the California bar in 1995, and in 1997 was licensed to practice in the courts of the Ninth Circuit and the Northern, Central and Southern Districts of California.

**JAMES I. JACONETTE** was born in San Diego, California in 1967. Mr. Jaconette attended San Diego State University, receiving his B.A. with honors and distinction in 1989 and his M.B.A. in 1992. In 1995, Mr. Jaconette received his J.D. cum laude from Hastings College of the Law, University of California, San Francisco. Mr. Jaconette was the Mortar Board Vice President from 1988-1989, a member of the Hastings Law Journal from 1993-1994, and Associate Articles Editor for same from 1994-1995. Mr. Jaconette authored "The Fraud-on-the-Market Theory in State Law Securities Fraud Suits", Hastings Law Journal, Volume 46, August, 1995. In 1993, Mr. Jaconette served as law clerk to the Honorable Barbara J. Gamer, and in 1994, as extern to the Honorable William H. Orrick, Jr., District Judge.

In 1995, Mr. Jaconette was admitted to the California bar and licensed to practice before the U.S. District Court, Southern District of California.

**BETH A. KASWAN** received her Bachelor of Business Administration from the University of Miami in 1973 and her J.D. from Boston College Law School in 1976. After law school she worked briefly at Peat, Marwick, Mitchell & Co., and in 1977 became a trial attorney with the U.S. Department of Justice, Tax Division.

Ms. Kaswan joined the U.S. Attorney's office for the Southern District of New York in 1985. There she served as an Assistant U.S. Attorney in the Civil Division and later as chief of its Commercial Litigation Unit, and deputy chief of the division. She received the Justice Department's John Marshall award for her representation of the I.R.S. in the Drexel reorganization.

Ms. Kaswan is a member of the Bars of the State of New York and Massachusetts and is admitted to practice in the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit.

**BENJAMIN Y. KAUFMAN** earned his undergraduate degree from Yeshiva University (B.A., 1985) and his law degree from Benjamin N. Cardozo School of Law, Yeshiva University (J.D. 1988) where he was a Belkin Fellow, Belkin Scholar, and a member of the Cardozo Arts and Entertainment Law Journal. He also recently completed a Masters degree in Business Administration from the Stern School of Business of New York University (M.B.A., Finance 1999). Prior to joining

Milberg Weiss in August of 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court (1990-1998). Mr. Kaufman is a member of the bars of New York, New Jersey, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Fourth Circuit.

Mr. Kaufman focuses on class actions on behalf of defrauded investors as well as complex commercial litigation.

**SETH D. RIGRODSKY** received his B.A. degree *magna cum laude*, with honors in History, from Brandeis University in 1985. In 1990, he received his J.D. degree, *magna cum laude*, from Georgetown University Law Center, were he was awarded Order of the Coif and served as a senior articles editor for the Georgetown University Law Journal. After graduation from law school, Mr. Rigrodsky was a law clerk to the Honorable Andrew G.T. Moore, II, of the Delaware Supreme Court.

Following his clerkship, Mr. Rigrodsky was associated with the law firms Wachtell, Lipton, Rosen & Katz in New York City, and Morris, Nichols, Arsht & Tunnell in Wilmington, Delaware, where he concentrated his practice on corporate and complex business litigation. In 1994, Mr. Rigrodsky joined Morris and Morris in Wilmington, Delaware, where he became a partner beginning in January 2000, and represented investors in numerous federal and state class and shareholder derivative lawsuits. Mr. Rigrodsky is a member of the Bars of the States of Delaware and New York, the United States District Courts for Delaware and the Southern District of New York, and the Court of Appeals for the Second, Third and Fourth Circuits.

**PETER SAFIRSTEIN** graduated from The George Washington University in 1978 with a Bachelor of Arts degree. He received a Masters Degree in Government (concentration in International Relations) from Georgetown University in 1980. In 1985, he earned his J.D. from Brooklyn Law School where he was a member of the Brooklyn Law Review and the Moot Court Honors Society. Prior to joining Milberg Weiss, Mr. Safirstein was a Staff Attorney in the Enforcement Division for the U.S. Securities and Exchange Commission from 1985-1990. In 1988-89, Mr. Safirstein was designated as a Special Assistant United States Attorney in the Southern District of New York where he was part of the trial team which prosecuted *United States v. Regan,* (the "Princeton/Newport" case) and *United States v. Lisa Jones.* From 1990-1992, Mr. Safirstein was an Assistant United States Attorney in the Southern District of Florida.

Mr. Safirstein is a member of the Bars of the State of New York and the State of New Jersey and is also admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Second and Third Circuits, the District Court of the Southern and Eastern Districts of New York and the District Court of New Jersey. Mr. Safirstein is a member of the American Bar Association and the Association of the Bar of the City of New York.

**MAYA S. SAXENA** graduated from Syracuse University *summa cum laude* in 1993 with a dual degree in policy studies and economics. She graduated *cum laude* from Pepperdine University School of Law where she was a member of the National Moot Court Team. Ms. Saxena is a member of the Florida State Bar and is also admitted to practice in the Eleventh Circuit Court of Appeals. Prior to joining Milberg Weiss Bershad Hynes & Lerach in 1998, Ms. Saxena was employed as an Assistant Attorney General in the Appellate Division. She is a member of the American Bar Association and the Palm Beach County Young Lawyers Division.

## *OF COUNSEL*

**PATRICIA M. HYNES** is a trial lawyer and senior partner with the firm and specializes in complex securities and commercial litigation. Ms. Hynes received her law degree from Fordham Law School where she was a member of the Law Review. She served as law clerk to Joseph C. Zavatt, Chief Judge of the United States District Court for the Eastern District of New York, and was an Assistant United States Attorney in the Southern District of New York from 1967 to 1982 where she held several executive positions, including Executive Assistant U.S. Attorney.

A Fellow of the American College of Trial Lawyers, Ms. Hynes has taught Trial Advocacy at Harvard Law School, Fordham Law School and the National Institute of Trial Advocacy. Ms. Hynes is a member of the American Law Institute and is presently serving on the Advisory Committee to the Federal Judicial Code Revision Project. Ms. Hynes has been a lecturer for the Practising Law Institute since 1980 and was Chair of its Civil RICO Program from 1984 to 1991.

Ms. Hynes has been included in the list of Best Lawyers in America since 1993 and more recently has been included in the *Euromoney Guide* to the World's Leading Litigation Lawyers. Ms. Hynes has also been included in *The National Law Journal's* Survey of The Fifty Most Influential Women Lawyers in America (March 30, 1998).

Since 1995, Ms. Hynes has been the Second Circuit Representative of the American Bar Association's Standing Committee on the Federal Judiciary. Ms. Hynes has also served as a member of the ABA's Litigation Section Council (1989-1992) and was Chair of the Litigation Section's Securities Litigation Committee (1987-1989), Co-Chair of its Pre-Trial Practice and Discovery Committee (1992-1994) and has recently served as a member of the Litigation Section's Task Force on Civil Trial Practice Standards. Ms. Hynes also is a Fellow of the American Bar Foundation.

An active member of the Association of the Bar of the City of New York, Ms. Hynes served as Chair of its Federal Courts Committee from 1992 to 1995 and was a member of its Executive Committee from 1984 to 1988. From 1982 to 1984, Ms. Hynes served as Secretary of that organization.

Presently, Ms. Hynes is a Vice President of the Federal Bar Council, having previously served on its Board of Trustees from 1983 to 1991. In addition, Ms. Hynes serves on the Second Circuit Court of Appeals Rules Committee, the Merit Selection Panel for Magistrate Judges for the Southern District of New York, and the Mayor's (Guiliani) Advisory Committee on the Judiciary. Ms. Hynes is also a member of the Board of Directors of the Legal Aid Society.

From 1987 to 1990, Ms. Hynes served as a member of the New York State Commission on Government Integrity, having been appointed by Governor Mario Cuomo, and from 1981 to 1982 was a member of the New York State Executive Advisory Committee on the Administration of Justice, having been appointed by Governor Hugh L. Carey.

Ms. Hynes was lead trial counsel for the City of San Jose in a six-month jury trial in the United States District Court for the Northern District of California against 13 brokerage firms and an accounting firm involving losses to the City as a result of speculative, leveraged bond trading. The jury returned a verdict in favor of the City of San Jose. Ms. Hynes also served as one of the lead counsel in the settlement reached in the Drexel Bankruptcy and the $1.3 billion settlement reached with Michael Milken and others.

Ms. Hynes is and has been co-lead counsel in several class actions including: *In re Oxford Health Plans, Incorporated Securities Litigation*, MDL No. 1222 (CLB) (S.D.N.Y.); *In re DonnKenny Incorporated Securities Litigation*, 96 Civ. 8452 (MGC ) (S.D.N.Y.); *Dunca v. Pencer*, 94 Civ. 0321 (LAP) (S.D.N.Y.); *In re MTC Electronics Technologies Shareholder Litigation*, CV-93-0876 (JG) (E.D.N.Y.); *In re Centel*, 92 C. 3551 (N.D. Ill.); *In re United Telecommunications, Incorporated Securities Litigation*, Civ. No. 90-2252-0 (D.

Kan.); *In re Lilco Securities Litigation*, 84 Civ. 0588 (LDW) (E.D.N.Y.); *In re Diasonics Securities Litigation*, C-83-4584-RFP (FW) (N.D. Cal.); and *In re Pepsico Securities Litigation*, No. 82 Civ. 8403 (ADS) (S.D.N.Y.).

**JARED SPECTHRIE** graduated from Harvard College with honors in 1954 having majored in Economics. After four years as a deck officer in the United States Coast Guard, he received a Master of Business Administration degree in Accounting from Rutgers University in 1959, graduating first in his class. He is a Certified Public Accountant in the State of New York and practiced accounting for several years with a major auditing firm. He was graduated from New York Law School in 1965, *summa cum laude*, where he was first in his class and valedictorian. He was admitted to the Bar in New York State in 1965, and is admitted to practice before the U.S. District Court in the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second and Fifth Circuits. He has served on the faculty of New York Law School, and has lectured on "Accountants' Liability" for the Practising Law Institute. He has been engaged in the full-time practice of law since 1965 and has specialized in federal securities law litigation for the past several years. Mr. Specthrie was lead counsel in *In re Viatron*, MDL No. 138 (D. Mass.), where aggregate settlements exceeding $15 million were obtained after several months of trial and a jury verdict on liability.

**LEONARD B. SIMON** is admitted to practice in California, New York, and the District of Columbia.

Mr. Simon's practice has been devoted almost exclusively to litigation in the federal courts, including both the prosecution and the defense of several major class actions and other complex litigation in the securities and antitrust fields.

Mr. Simon served as court-appointed plaintiffs' co-lead counsel in *In re American Continental Corporation/Lincoln Savings & Loan Securities Litigation*, MDL No. 834 (D. Ariz.) (settled for $240 million), and *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.) (settled for more than one billion dollars). He was a member of the "core group" of attorneys designated by lead counsel to prosecute *In re Washington Public Power Supply System Securities Litigation*, MDL No. 551 (D. Ariz.), the largest securities class action ever litigated.

Mr. Simon has lectured on securities and complex litigation on programs sponsored by the ABA Section of Litigation, the Practising Law Institute and ALI-ABA, and at Duke Law School and Stanford Business School.

Mr. Simon received his Bachelor of Arts degree from Union College in 1970 and his Juris Doctor degree from Duke University School of Law, Order of the Coif and with distinction, in 1973. He served as law clerk to the Honorable Irving Hill, United States District Judge for the Central District of California, in 1973-1974.

**BYRON S. GEORGIOU** received his A.B. with Great Distinction, with Honors in Social Thought and Institutions, in 1970 from Stanford University, attending on an Alfred P. Sloan full academic scholarship. After a year co-founding and teaching 7th and 8th graders at the Mariposa School, which has survived over thirty years as an alternative primary through middle school in rural Mendocino County, he attended Harvard Law School, graduating *magna cum laude* in 1974. He was admitted to the California Bar in 1974 and served for one year as law clerk to the Honorable Robert F. Peckham, Chief Judge of the United States District Court for the Northern District of California. He is a member of the bar of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Eastern, Central and Southern Districts of California.

Mr. Georgiou served from 1975 to 1980 in various capacities with the California Agricultural Labor Relations Board, defending the constitutionality of the law up through the U.S. and California Supreme Courts and prosecuting cases enforcing the collective bargaining rights of farmworkers, who had been excluded from coverage under the National Labor Relations Act.

From 1980 to 1983, Mr. Georgiou served as Legal Affairs Secretary to California Governor Edmund G. Brown Jr., responsible for litigation by and against the Governor, judicial appointments, liaison with the Attorney General, Judiciary and State Bar, legal advice to the Governor and members of his Cabinet, and exercise of the Governor's powers of extradition and clemency.

From 1983 to 1994, he was Managing Partner and co-founder of the San Diego law firm of Georgiou, Tosdal, Levine & Smith, engaged in a general civil practice, with emphasis on litigation, appearances before executive and legislative governmental bodies, and representation of labor organizations and their members, including contract negotiations and enforcement for many California public and private sector unions.

In 1994, he co-founded and, until affiliating with Milberg Weiss, was President of American Partners Capital Group, specializing in serving the needs of institutional investors through capital formation programs in a variety of alternative asset categories.

In 1981 Mr. Georgiou was honored as Public Official of the Year by the California Trial Lawyers Association and served as Chair of the Governor's Task Force on Alcohol, Drugs and Traffic Safety, one of the nation's first vehicles for enacting tough drunk driver legislation sponsored by the Mothers Against Drunk Driving (MADD).

**RICHARD M. MEYER** is a graduate of Yale University and a 1958 graduate of Yale Law School, where he was a member of the Board of Editors of the *Yale Law Journal*. Mr. Meyer served as a trial attorney in the United States Department of Justice for two years and as Special Counsel to the Securities and Exchange Commission for four years. He was a partner with the firm of Pomerantz Levy Haudek & Block from 1970 to April 1980, when he joined Milberg Weiss.

Mr. Meyer is the author and co-author of several law review articles, including "The Social Utility of Class Actions," 42 Bklyn. L. Rev. 189 (1975), and has spoken at numerous forums under the auspices of groups such as the American Bar Association, American Law Institute, Practising Law Institute, the Association of the Bar of the City of New York, the Center for the Study of Financial Institutions of the University of Pennsylvania, Columbia University and the Bureau of National Affairs.

**ANITA MELEY LAING**, born in Youngstown, Ohio, in 1942, worked as a research geneticist following her graduation with honors from Ohio University in 1963. Awarded a Fellowship from the National Institute of Health, she received her Master of Science degree from the University of Tennessee, graduating *summa cum laude* in 1967. As an associate professor of biology at a two-year college, she served as chairman of her academic department and president of the faculty for four years.

Ms. Laing graduated *cum laude* from the University of Pittsburgh School of Law in 1978. She served as Associate Editor, Notes, on the editorial board of the *University of Pittsburgh Law Review*. She is the author of "Systematic Discrimination," 1984 ATLA Convention (1984); "Employment Discrimination Class Actions: Effective Enforcement of Civil Rights Laws," Trial Magazine (May 1982); and "No Process Due Prisoners in Intrastate Transfers: Due Process Imprisoned Within the Entitlement Doctrine," 38 U. Pitt. L. Rev. 561 (1977). She has presented papers at meetings of the Association of Trial Lawyers of America and

has been an invited speaker before a number of organizations on the rights of women employed in non-traditional jobs.

Before joining the firm in 1984, Ms. Laing practiced law in Pennsylvania, where she was involved in prosecuting civil rights, antitrust and consumer class actions. She led the prosecution of three major employment discrimination multi-facility class actions against large multi-national corporations in which millions of dollars in backpay were recovered for members of the class. Since joining the firm, Ms. Laing has prosecuted a number of securities fraud class actions, and for a number of years has devoted much of her efforts to the prosecution of a mass tort action brought by more than 4,000 persons who claim injuries resulting from their residence near one of the country's most notorious toxic waste disposal sites. She is admitted to practice before the courts of Pennsylvania and California, the United States Court of Appeals for the Third and Ninth Circuits and the United States District Courts for the Western District of Pennsylvania and the Southern, Northern and Central Districts of California.

**ANITA BRASS KARTALOPOULOS** graduated from the University of Toledo, with honors, in 1974, and from Seton Hall Law School in 1982. She was admitted to the bar of New Jersey, and the U.S. District Court, District of New Jersey, that same year. Ms. Kartalopoulos works primarily in the areas of insurance, consumer fraud, and managed care.

From 1994 through 1995, Ms. Kartalopoulos was the Executive Director of the New Jersey State Real Estate Commission, which regulates 84,000 real estate licensees. She was the Deputy Commissioner of Insurance, State of New Jersey, for Life and Health, 1995 to 1997, and was the Director of Legal and Regulatory Affairs, New Jersey Department of Health, 1997 to 1998. Prior to government service, Ms. Kartalopoulos specialized in local government law, land use and real estate. She joined Milberg Weiss in September 1998.

**SANDRA D. STEIN** is a graduate of the University of Pennsylvania (B.S.) and Temple University Law School (J.D.). She is a member of the Pennsylvania and Washington, D.C. bars. She serves of counsel to the firm, specializing in securities class action litigation, legislative law, and antitrust litigation. She served as counsel to U.S. Senator Arlen Specter and to the U.S. Senate Judiciary Committee focusing on securities and antitrust legislative matters. Ms. Stein also founded the Institute of Law and Economic Policy, a think tank which develops policy positions on selected issues involving the administration of justice within the American Legal System. In addition, Ms. Stein served on the Board of Advisors of the Annenberg Institute of Public Service at the University

of Pennsylvania. She received an ACE award and Emmy nomination for producing public service programming on critical civic issues. Ms. Stein was the recipient of the National Federation of Republican Women's "Best of America" award and has been honored by the White House, California State Senate, and California State Assembly for civic leadership.

In a unique partnership with her daughter, attorney Laura Stein, an associate at Milberg Weiss, the Steins serve as two of the top asset recovery experts in the firm. Attorneys Stein focus on maximizing profits and minimizing losses to shareholders due to corporate fraud and breaches of fiduciary duty. They also seek to deter future violations of federal and state securities laws by reinforcing the standards of good corporate governance.

Ms. Stein recently addressed the National Association of Auditors, Controllers and Treasurers on the subject of corporate governance and its role as a positive force in future class action securities settlements.

**KENNETH A. DUNCAN** returned to the private sector in January 2000 after serving four years as Louisiana State Treasurer, the state's chief investment officer and banker, whose duties included supervising the investments of state public pension funds. While State Treasurer, he was Chairman of the Banking Committee of the National Association of State Treasurers (NAST), member of the NAST Executive Committee, Southern Region NAST President and Chairman of the Democratic Treasurers Association.

He has over 30 years experience in business and law, specializing in investments, banking, finance, governmental relations, insurance, tax planning, complex transactions and litigation.

Mr. Duncan has served as Chairman of the Louisiana State Bond Commission, Chairman of the Louisiana Public Retirement Systems Actuarial Committee, President of the Louisiana Asset Management Pool, and board member/trustee of numerous entities, including the following: First National Bank of Bienville Parish, Louisiana State Employees Retirement System, Teachers Retirement System of Louisiana, Louisiana School Employees Retirement System, Louisiana Public Safety Employees Retirement System, Louisiana Housing Finance Authority, Louisiana Tuition Trust Authority, Louisiana Interim Emergency Board, Louisiana Cash Management Board, Louisiana Antifraud Advisory Board, Louisiana Small Business Task Force.

Mr. Duncan also has served as a Delegate to the National Savers' Summit (by U.S. Senate nomination and Presidential appointment).

He is admitted to practice before numerous federal and state courts, and is a member of the American Bar Association, the Louisiana State Bar Association, and the Baton Rouge Bar Association. He is also a licensed insurance agent and surplus lines broker.

Mr. Duncan holds an LL.M. (Master of Law in Taxation) from Georgetown University, a J.D. (Juris Doctor) from Louisiana State University Law Center, a B.S. (Business Administration) from Louisiana State University and has studied investments and finance at the Wharton School of the University of Pennsylvania and the University of Delaware.

**ELISABETH A. BOWMAN** received her B.F.A. from the University of Alaska at Anchorage in 1986, where she majored in Fine Arts and Psychology. While a student at the U of A, she received a grant from the Ford Foundation to participate in the artists in residency program at the Visual Arts Center, Alaska. Ms. Bowman received her J.D. from the University of San Diego in 1989. During the summer of 1987, she attended USD's Institute on International and Comparative Law in Oxford, England. Ms. Bowman was in private practice as a criminal defense attorney for eight years, handling both trials and appeals. During that time, she received appointments from the office of the Alternate Public Defender, Appellate Defenders, Inc., and as a member of the federal Criminal Justice Act Panel.

Since joining Milberg Weiss, Ms. Bowman assisted in the trials of *Yourish v. California Amplifier*, and *In re Helionetics, Inc. Securities Litigation*. Ms. Bowman has been a member of Volunteers in Parole, an organization based on the Big Brothers' paradigm, in which attorneys are matched with parolees from the California Youth Authority in an effort to offer positive mentoring. She also served on VIP's local and state-wide boards.

Ms. Bowman is a member of the California bar (1990), and is admitted to the Supreme Court of the State of California, the United States District Court for the Southern District of California, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States.

## SPECIAL COUNSEL

**MARK T. MILLKEY** graduated from Yale University in 1981 with a B.A. in English. He received an M.A. in English from

the University of Virginia in 1984, and a J.D. from the University of Virginia in 1987. Before joining Milberg Weiss, Mr. Millkey worked as an associate at Powell, Goldstein, Frazer & Murphy in Atlanta and at Simpson Thacher & Bartlett in New York. He is a member of the Bars of the States of New York and Georgia. He is admitted to practice before the United States Courts for the Southern and Eastern Districts of New York and the Northern District of Georgia.

**SUSAN K. ALEXANDER** graduated with honors from Stanford University in 1983 and earned her J.D. from the University of California at Los Angeles in 1986. Ms. Alexander joined the Appellate Practice Group at Milberg Weiss in San Francisco in 2000.

Following her admission to the California Bar in 1986, Ms. Alexander joined Bronson, Bronson & McKinnon, where she litigated professional malpractice and product liability cases on behalf of attorneys, doctors, and automobile manufacturers, second-chairing two dental malpractice cases to a defense verdict. In 1990, Ms. Alexander joined the California Appellate Project ("CAP"), where she prepared appeals and petitions for writs of *habeas corpus* on behalf of individuals sentenced to death, as well as supervising private attorneys in their preparation of appeals and *habeas corpus* petitions. At CAP and subsequently in private practice, Ms. Alexander litigated and consulted on death penalty direct and collateral appeals for 10 years, including favorable decisions in the California Supreme Court (*In re Brown*, 17 Cal. 4th 873 (1998)) and the Ninth Circuit (*Odle v. Woodford*, 238 F.3d 1084 (9th Cir. 2001)). At Milberg Weiss, Ms. Alexander has argued *Shuster v. Symmetricom, Inc.* and *Wilkes v. Versant Object Technology Corp.* in the Ninth Circuit, and will argue *Pirraglia v. Novell, Inc.* in the Tenth Circuit.

Ms. Alexander is a member of the bar of the United States Supreme Court, the Ninth Circuit Court of Appeals, the Tenth Circuit Court of Appeals, United States District Court, Northern, Central, Eastern and Southern Districts of California, and the California Supreme Court. Ms. Alexander is also a member of the Federal Bar Association, Appellate Division and the Appellate Practice Section of the Bar Association of San Francisco.

## FORENSIC ACCOUNTANTS

**ANDREW J. RUDOLPH** is a Certified Public Accountant and Certified Fraud Examiner. He is an active member of the American Institute of Certified Public Accounting, California's Society of CPA's and Association of Certified Fraud Examiners. His public accounting, consulting and forensic examination experience for almost twenty years includes financial fraud investigation, auditor malpractice, auditing, business litigation, due diligence investigations and taxation. Since 1992, Mr. Rudolph has acted as the Director of Milberg's forensic accounting department which provides in-house forensic and litigation expertise in connection with major national securities fraud litigation. Mr. Rudolph has given numerous lectures and assisted with articles on financial statement fraud. Mr. Rudolph has directed the forensic examination of numerous securities fraud cases contributing to the recovery of hundreds of millions of dollars for defrauded investors. Prominent forensic investigations include *Enron, Qwest, Vivendi, WorldCom, Boeing, Aurora Foods, Informix, Media Vision,* and *Platinum Software*.

**CHRISTOPHER YURCEK** is one of the firm's senior forensic accountants. Mr. Yurcek is a Certified Public Accountant with 17 years of accounting, forensic examination and consulting experience in areas including financial statement audit, fraud investigation, auditor malpractice, turn-around consulting, business litigation, and business valuation. Since 1994, Mr. Yurcek has provided in-house forensic accounting expertise to the firm in connection with well-publicized securities fraud litigation including recent cases such as *Enron, Vesta, Informix,* and *Media Vision*. Prior to joining the firm, Mr. Yurcek's experience included providing forensic accounting expertise to bankruptcy trustees, and audit and accounting services at a national CPA firm. Mr. Yurcek speaks at professional accounting seminars on topics such as financial statement fraud and fraud prevention, and has co-authored articles on the subjects. Mr. Yurcek is a member of the American Institute of Certified Public Accountants, and the California Society of CPAs.

G:\WPADMIN\FirmResume\SF Copy of firm-resume (October 20, 2003)

# EXHIBIT C

# MOULTON & GANS, P.C.

Year Established: 1997
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216

Telephone: 617-369-7979
Telecopier: 617-369-7980

*General Civil and Criminal Trial and Appellate Practice in All*
*State and Federal Courts.  Securities and Business Litigation,*
*Civil and Criminal Antitrust Litigation.*

## MEMBERS OF FIRM

**STEPHEN MOULTON** (1929 - 2001).

**NANCY FREEMAN GANS**, born Philadelphia, Pennsylvania, November 26, 1943; admitted to bar, 1970, Massachusetts; 1975, U.S. Supreme Court; 1996, U.S. District Court.  *Education*: University of Rochester (B.A., summa cum laude, 1965); Harvard University (J.D., 1970).  Phi Beta Kappa.  *Member*: Massachusetts Bar Association.

Areas of Concentration:  Securities; Antitrust; Civil Litigation; Commercial Litigation; Criminal Litigation.

# EXHIBIT D

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

SOUTHERN ALASKA CARPENTERS RETIREMENT TRUST ("Plaintiff") declares:

1.    Plaintiff has reviewed a complaint and authorized its filing.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|----------|-------------|------|-----------------|

See attached Schedule A.

5.    During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below:

6.    The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

S:\Case Startup\Alkermes\Certs\SouthernAlaska.doc                                    ALKERMES

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of December, 2003.

SOUTHERN ALASKA CARPENTERS
RETIREMENT TRUST

By: _Harriet R. Paule_
        Harriet R. Paule

Its: _ADMINISTRATOR_

- 2 -

## SCHEDULE A

## SECURITIES TRANSACTIONS

**Acquisitions**

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 09/21/2000 - SD | 2,000 | $39.88 |
| 10/11/2000 - SD | 200 | $35.31 |
| 11/07/2000 - SD | 100 | $42.21 |
| 11/08/2000 - SD | 200 | $40.52 |
| 11/08/2000 - SD | 100 | $41.29 |
| 04/26/2001 | 300 | $29.75 |
| 04/30/2001 | 200 | $30.47 |
| 07/13/2001 | 100 | $30.22 |
| 09/24/2001 | 200 | $19.16 |
| 09/28/2001 | 300 | $20.30 |
| 10/10/2001 | 100 | $21.69 |
| 10/10/2001 | 10 | $21.38 |
| 10/11/2001 | 100 | $23.55 |
| 10/12/2001 | 40 | $22.50 |
| 10/17/2001 | 50 | $22.89 |
| 02/12/2002 | 100 | $27.20 |
| 02/14/2002 | 100 | $26.76 |

**Sales**

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 01/17/2001 - SD | 700 | $23.55 |
| 06/12/2001 | 600 | $31.55 |
| 07/01/2002 | 1,500 | $6.84 |

*Settlement dates are indicated with "SD" attached to the date

# EXHIBIT E

Alkermes

Movant's Purchases and Losses

| Name | Date | Shares Purchased | Share Price | Total Cost | Total Gain (Loss)* |
|------|------|------------------|-------------|------------|--------------------|
| Southern Alaska Carpenters Retirement Trust | 09/21/2000 - SD | 2,000 | $39.88 | $79,750.00 | |
| Southern Alaska Carpenters Retirement Trust | 10/11/2000 - SD | 200 | $35.31 | $7,061.22 | |
| Southern Alaska Carpenters Retirement Trust | 11/07/2000 - SD | 100 | $42.21 | $4,221.12 | |
| Southern Alaska Carpenters Retirement Trust | 11/08/2000 - SD | 200 | $40.52 | $8,103.90 | |
| Southern Alaska Carpenters Retirement Trust | 11/08/2000 - SD | 100 | $41.29 | $4,129.39 | |
| Southern Alaska Carpenters Retirement Trust | 04/26/2001 | 300 | $29.75 | $8,925.00 | |
| Southern Alaska Carpenters Retirement Trust | 04/30/2001 | 200 | $30.47 | $6,094.00 | |
| Southern Alaska Carpenters Retirement Trust | 07/13/2001 | 100 | $30.22 | $3,022.00 | |
| Southern Alaska Carpenters Retirement Trust | 09/24/2001 | 200 | $19.16 | $3,832.00 | |
| Southern Alaska Carpenters Retirement Trust | 09/28/2001 | 300 | $20.30 | $6,090.00 | |
| Southern Alaska Carpenters Retirement Trust | 10/10/2001 | 100 | $21.69 | $2,169.00 | |
| Southern Alaska Carpenters Retirement Trust | 10/10/2001 | 10 | $21.38 | $213.80 | |
| Southern Alaska Carpenters Retirement Trust | 10/11/2001 | 100 | $23.55 | $2,355.00 | |
| Southern Alaska Carpenters Retirement Trust | 10/12/2001 | 40 | $22.50 | $900.00 | |
| Southern Alaska Carpenters Retirement Trust | 10/17/2001 | 50 | $22.89 | $1,144.50 | |
| Southern Alaska Carpenters Retirement Trust | 02/12/2002 | 100 | $27.20 | $2,720.00 | |
| Southern Alaska Carpenters Retirement Trust | 02/14/2002 | 100 | $26.76 | $2,676.00 | |
| | | | | | |
| **Movant's Total** | | **4,200** | | **$143,406.93** | **($88,388.86)** |

*For shares held at the end of the class period, damages are calculated by multiplying the shares held by the average share price during the 90 calendar days after the end of the class period. The price used is $6.67 as of September 29, 2002

**Settlement dates are indicated with "SD" attached to the date